## Scharff v. Stump.

*Promissory note—Husband and wife—Principal and surety—Wife as surety—Province of court and jury.*

Where in a suit on a promissory note signed by a husband and wife, all the testimony goes to show that the wife signed as surety for the husband, it is proper for the court to leave the case to the jury on the credibility of the witnesses.

*Promissory notes—Signature—Province of jury.*

Where in a suit on a promissory note one of the defendants acknowledged that he signed the note, but asserts that he signed it on the back and as an indorser, but the note shows that his signature is on the face of the note, a verdict and judgment against him will be sustained.

Argued Nov. 11, 1902.   Appeal, No. 31, Oct. T., 1902, by Richard Lechner, from judgment of C. P. Berks Co., June T., 1901, No. 50, on verdict for plaintiff in case of Willoughby Scharff v. Emma C. Stump, H. W. Stump and Richard Lechner.   Before BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Assumpsit on promissory note.   Before ERMENTROUT, P. J. The facts appear by the opinion of the Superior Court.

The court charged as follows :

Gentlemen of the jury: The plaintiff, Willoughby Scharff, presents a note signed by Emma C. Stump, H. W. Stump and Richard Lechner.   The signatures to this note are not disputed.   The amount of the note was originally $800.   Interest from May 1, 1899, to May 1, 1900, at six per cent would be $48.00, making a total of $848.   On that day the interest, $48.00, was paid, and $100 on the principal, leaving a balance of $700, which, together with interest to date, would amount to $761.13.

[The note being presented, plaintiff would be entitled to a verdict so far as Mr. Lechner is concerned, because we will negative the points presented by his counsel on the ground that there is not sufficient evidence, so far as he is concerned, which will prevent Willoughby Scharff from recovering against him.] [2]

[So far as Emma C. Stump is concerned, the note being presented, would entitle the plaintiff to recover unless she can show that it was not her note given for her debt or for a loan made to her.   She is placed upon the stand and she swears that this note was signed by her as surety for her husband, Henry W. Stump.   Willoughby Scharff also goes upon the stand and swears that Emma C. Stump and Richard Lechner were to have been bail for Henry W. Stump, and that he took this note considering them as such.   Therefore, gentlemen, if you believe the uncontradicted evidence of Emma C. Stump and Willoughby Scharff, you must find that she was surety for her husband. Under the law of the land the wife cannot become surety on a promissory note for her husband, and, therefore, she would be entitled to a verdict in her favor.

Therefore, your verdict will be for $761.13 as against Richard Lechner, one of the defendants, and in favor of Emma C. Stump, the other defendant, if the testimony is credible, and it does not seem to be contradicted.] [3]

Verdict and judgment for plaintiff for $761.13: Richard Lechner appealed.

*Errors assigned* were (2, 3) above instructions, quoting them.

*C. H. Ruhl,* for appellant.

*A. B. Reiser,* of *Reiser & Schaffer,* for appellee.

OPINION BY WILLIAM W. PORTER, J., January 20, 1903 :

The plaintiff is the holder of the promissory note upon which he has sued. The note is signed by Emma C. Stump, H. W. Stump and Richard Lechner in the order indicated. The body of the note contains only the names of Emma C. Stump and her husband, H. W. Stump. The latter is now dead. The defense to the note as to Emma C. Stump is that she was a surety for her husband. All of the testimony on both sides of the case goes to prove the fact alleged. The court left the question to the jury on the credibility of the witnesses. Here was no error.

The defense as to Lechner is that the note in suit had not the appearance of the note he signed ; that he did not sign any note as maker but as indorser and that the note, being written not upon but across the blue ruling of the paper, and omitting his name from the body, required the holder to inquire as to the liability assumed by Lechner on the note. The court directed a verdict to be found against Lechner. This direction was warranted by Lechner's own admissions. From his testimony it is clear that he signed his name once and only once upon a note of the Stump's in favor of Scharff for $800. He admits explicitly that the signature on the note in suit is his, but asserts that it is not in the place where he put it as he signed on the back as indorser. When the note passed through the hands of Morris Scharff (the son and agent of the plaintiff in this transaction) to the plaintiff, it was in the same condition as it appeared on the trial. From the testimony of Lechner

it is certain that he intended to become responsible on the note to Scharff in some form. He says he was to be only an indorser, but even so he would have been answerable to the plaintiff, who took the note on the faith of Lechner's joinder in the liability.

The judgment is affirmed.