# Farmers & Merchants Bank v. Donnelly, Appellant.

*Promissory notes—Husband and wife—Wife as surety—Accommodation maker—Death of husband—Evidence—Competency of witnesses—Surviving party to contract—Declarations by husband—Act of June 8, 1893, P. L. 344, Sec. 2—Act of May 23, 1887, P. L. 158, Sec. 5.*

1. Where a married woman is the maker of a promissory note but claims to be an accommodation maker for her husband and therefore protected under the provisions of the Act of June 8, 1893, P. L. 344, Sec. 2, providing that a married woman "may not become endorser, maker, guarantor, or surety for another," the burden of proof is upon her to establish the defense.

2. In an action against a married woman after the death of her husband to recover the amount due on promissory notes signed by her as maker, where the defense is that she had signed the

notes merely as an accommodation for her husband and had received no consideration for them, the court did not err in excluding offers of proof of her defense (1) by her own testimony; (2) by the testimony of employees of her husband that to the best of their knowledge she received no consideration for the notes, where it appeared that such employees did not have any knowledge of the subject except their general acquaintance with the business of the husband and wife; (3) by the books of her husband, showing that the proceeds of the notes were carried to his account and that the notes in suit were carried by him as "bills payable" and not "bills receivable," where entries of the same kind would have been made if the notes were discounted for him, whether they were given for a consideration or for accommodation; (4) by declarations of her husband made after he had parted with the notes and transferred them to the bank.

Argued Oct. 23, 1914. Appeals, Nos. 178, 179, 180 and 181, Oct. T., 1914, by defendant, from judgments of C. P. Allegheny Co., Jan. T., 1913, Nos. 1726, 1435, 1702 and First Term, 1909, No. 312, on verdict for plaintiffs in cases of Farmers & Merchants Bank of West Newton, Pa., a Corporation, v. Alice R. Donnelly; George D. Harter Bank, of Canton, Ohio, a Corporation, v. Alice R. Donnelly; First National Bank of Punxsutawney, now for use of Punxsutawney National Bank, v. Alice R. Donnelly, and Diamond National Bank, a Corporation, v. Alice R. Donnelly. Before BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit on promissory notes. Before SWEARINGEN, J., and SHAFER, J.

The facts appear by the opinion of the Supreme Court.

The Farmers & Merchants Bank of West Newton, the George D. Harter Bank and the Punxsutawney National Bank recovered verdicts of $6,925 each. The Diamond National Bank recovered a verdict of $6,352.50. Judgment was entered on the verdicts.

*Errors assigned,* among others, were various rulings on evidence.

*Robert Woods Sutton,* with him *Watson & Freeman,* for appellant.

*George C. Bradshaw,* with him *J. Rogers McCreery* and *O. P. Robertson,* for appellees.

OPINION BY MR. JUSTICE POTTER, January 2, 1915:

On November 18, 1906, the Diamond National Bank of Pittsburgh brought suit in the Court of Common Pleas of Allegheny County against Alice R. Donnelly, upon a promissory note, dated March 14, 1906, for $5,000, payable on demand, and made by defendant to the order of Charles Donnelly, who was her husband, and endorsed by him. The latter died on December 5, 1906. Mrs. Donnelly entered a defense to the action, on the ground that she had signed the note merely as an accommodation to her husband, and had received no consideration for it. On the trial before SHAFER, J., and a jury, the trial judge held that the defendant was incompetent to testify on her own behalf as to any matter connected with the note, which occurred before her husband's death, and directed a verdict for the plaintiff for the amount of the note and interest. Motions for a new trial and for judgment in favor of defendant n. o. v. were made and overruled. An appeal was taken by defendant prematurely, as it was taken before the entry of judgment upon the verdict, but judgment was afterwards allowed to be entered, nunc pro tunc.

In November, 1912, the Farmers & Merchants Bank of West Newton, Pa., the First National Bank of Punxsutawney, Pa., for use of the Punxsutawney National Bank, and the George D. Harter Bank of Canton, Ohio, brought suits in the same court against the same defendant, Alice R. Donnelly, on three promissory notes, all bearing date March 14, 1906, for $5,000, each payable on demand, and all made by defendant to the order of Charles Donnelly, and endorsed by him. To the suits upon these notes, Mrs. Donnelly offered the same de-

fense, as that which she set up in the suit brought by the Diamond National Bank. These three cases were tried together before SWEARINGEN, J., who also ruled that Mrs. Donnelly was incompetent to testify to anything in connection with these notes that occurred in her husband's lifetime; he also excluded several offers of evidence made by the defendant, to show facts by other witnesses which were regarded as tending to establish her defense. Verdicts for the plaintiffs for the amount of their respective notes and interest, were directed by the trial judge, and subsequently motions for new trials were refused, and judgments entered on the verdicts. Defendant has appealed, and the four appeals have been presented here, and argued together. The Act of June 8, 1893, P. L. 344, Sec. 2, provides: "Hereafter a married woman may, in the same manner and to the same extent as an unmarried person, make any contract in writing, or otherwise, which is necessary, appropriate, convenient or advantageous to the exercise or enjoyment of the rights and powers granted by the foregoing section (as to ownership and control of her property, real, personal or mixed), but she may not become endorser, maker, guarantor or surety for another." In these cases, the defendant alleged that she signed the notes in suit as an accommodation maker for her husband, the payee, and that therefore she came within the latter clause of the act as above quoted, and was therefore not liable. Upon the face of the notes, defendant was liable, and the burden was therefore upon her to show that she was not. In Bank v. Poore, 231 Pa. 362, speaking through our Brother MESTREZAT, we said (p. 365): "A note or other obligation given by a married woman is now presumed to be valid, and if she alleges that it is invalid the burden is upon her to show that it comes within the exceptions to her right to contract made in the statute." In three of the cases under consideration, which were tried before Judge SWEARINGEN, the defendant sought to sustain her

defense: (1) By her own testimony. (2) By the testimony of employees of her husband that to the best of their knowledge she received no consideration for the notes. (3) By the books of her husband. (4) By declarations of her husband, made after he had parted with the notes, and transferred them to a bank. The trial judge excluded all these offers of proof. The Act of May 23, 1887, P. L. 158, Sec. 5, provides: "Nor, where any party to a thing or contract in action is dead, or has been adjudged a lunatic and his right thereto and therein has passed, either by his own act or by the act of the law, to a party on the record who represents his interest in the subject in controversy, shall any surviving or remaining party to such thing or contract, or any person whose interest shall be adverse to the said right of such deceased ......be a competent witness to any matter occurring before the death of said party." It is very evident that the defendant is a surviving party to the contracts in the present cases, and the rights of her deceased husband having passed by his own act to plaintiffs, she is, under the express terms of the statute, not a competent witness to testify to anything occurring before his death.

In the second, third, fourth and fifth assignments of error it is alleged that the trial court erred in refusing to admit in evidence entries from the books of Charles Donnelly. The books offered, were his bank-book in the First National Bank of Pittsburgh, showing that the proceeds of the notes were credited to his account; and his private account book, showing that the notes in suit were carried by him as "bills payable," and not as "bills receivable." The same books were offered for the purpose of proving that the proceeds of the notes were deposited to his own individual account, and used for his own individual purpose, and they were also offered to show that no consideration passed between him and his wife, for or on account of the notes in suit, although the books showed other financial transactions between them. That the proceeds of the notes were credited to

the account of Charles Donnelly in his bank, is not material. If the notes were discounted for him they would naturally be credited to his account, no matter whether they were given for a consideration, or merely for accommodation. The fact that the proceeds were credited to his account, would indicate nothing upon the question of whether or not they were accommodation paper. As to the refusal of evidence, which is the subject of complaint in the fifth assignment of error, the offer is very indefinite, and seems to be entirely negative in character. If it be true that the books contained no entry which would indicate the passing of any consideration to defendant, on account of the notes, it would by no means follow that no such consideration did in fact, pass. Nor is there any special significance, in the fact that on the books of Charles Donnelly the notes in suit were entered as "bills payable," and not as "bills receivable." In so far as his relation to the banks was concerned, the notes became for Charles Donnelly "bills payable," as soon as they were sold or discounted, for he would then be under obligation as endorser upon them, to the banks. In this connection, counsel for appellee raised a point which is well taken, when they call attention to the fact, that while the notes were discounted by the First National Bank, on March 15, 1906, they were not entered on Donnelly's books under the head of "bills payable" until March 16, which was after he had parted with his interest in them. So that in so far as he was concerned, having reference to his liability to the banks, upon them, the notes had then become "bills payable," and in addition to this, the entries were at most, declarations made by him, after he had parted with the notes as owner, and had transferred them to another party.

In the sixth and ninth assignments of error, complaint is made of the action of the trial judge, in sustaining objections to defendant's offer to show by Mr. Donnelly's bookkeeper, and another business associate, who was intimately acquainted with the business affairs of Mr.

Donnelly and his wife, that to the best of their knowledge, defendant never received any consideration for the notes in suit. As it did not however, appear, that either of these witnesses really had any knowledge on the subject, except their general acquaintance with the business of Mr. Donnelly, the offers were properly excluded.

In the seventh and eighth assignments of error complaint is made of the sustaining of objections to alleged declarations of Charles Donnelly, made to a witness, Mr. Nicola, to the effect that the notes in suit were executed by defendant for his accommodation, without any consideration passing to her. The offer was not confined to declarations made while the notes were owned by Mr. Donnelly. Not being so limited, the declarations were properly excluded. In Pier v. Duff, 63 Pa. 59, Mr. Justice SHARSWOOD said (p. 63) : "It is clear, and a point which has not been and cannot be disputed, that the declarations of a grantor, after the grant, cannot be given in evidence to impeach or affect the title of his grantee." The general principle of law involved, is thus stated in 1 Elliott on Evidence, Sec. 444, where it is said : "Declarations made prior to the acquiring of the interest, or after parting with it, are not admissible. This would seem necessarily to follow, ordinarily at least, from the requirement that the declaration must be against the interest of the declarant." To the same effect is a statement in 16 Cyc. 1220, where it is said : "The declarant must have possessed an actual interest, real or apparent, at the time when his declaration was made. The interest of a former partner, or owner, or of a prospective heir, is not present and actual so as to render his declarations competent." Another statement of the same principle appears in a late textbook, Chamberlayne on Evidence (1913), Sec. 2782, where it is said : "The interest of the declarant under this exception to the rule against hearsay must be actual, rather than prospective or contingent. Only present interest compels that degree of subjective relevancy which is con-

templated by the exception. Such an actual interest the declarant must have possessed at the time when his statement was made,......Where the declarant has no interest at the time of his statement, it is not material that he had one in the past but has parted with it. It is obviously as impossible for one who was formerly a partner in a business or a former owner of property to make a valid declaration after parting with his interest, as it would be for a prospective heir to affect the quality of his future estate." This principle applies with equal force to the contention that the entries in Donnelly's books, relating to the notes in suit, constituted declarations against interest, which should have been admitted in evidence. The dates show that these entries were made after the ownership of the notes had been transferred from Mr. Donnelly to the First National Bank. In the case of the Diamond National Bank, the entry in Donnelly's books appears to have been made on March 16, while the note was not acquired by the Diamond National Bank until August 23. The note appears, however, to have been held during the period between March 16 and August 23 by the First National Bank, so that Mr. Donnelly was not the owner of the note after the former date, and he had parted with it on March 16, when the book entries were made. It also appears from the evidence that when the Diamond National Bank acquired the note upon which it has brought suit, it took the additional precaution of dealing with Mrs. Donnelly in the matter. It passed the proceeds of the note to her credit, so that she must have disposed of the amount, by drawing her own check therefor.

The assignments of error are all overruled, and the judgments in each of these cases, are affirmed.