## Steltzer, Appellant, *v.* Beatty.

*Judgment—Opening judgment — Married women — Revivals — Laches.*

A judgment entered on a judgment note against a husband and wife will not be opened seventeen years thereafter on the ground of the disability of the wife to sign the note, where it appears that the judgment had twice been revived by writs of scire facias to revive, and judgment entered in both cases on return of two nihils.

In such a case it is the duty of the wife knowing that she had given a note upon which judgment might be entered, and knowing that such note was outstanding, to move promptly to learn what had become of the note, and to assert her defense within a reasonable time. The two returns of nihil are, equivalent to a personal service upon her.

Argued May 1, 1916. Appeal, No. 117, April T., 1916, by plaintiff, from judgment of C. P. Clarion Co., Aug. T., 1912, No. 252, on verdict for defendant in case of Margaret E. Steltzer v. E. G. Beatty, Jennie O. Beatty, and E. G. Beatty, Executor of the last will and testament of

350, (1916).] Statement of Facts—Opinion of the Court.
Jennie O. Beatty, deceased.    Before ORLADY, P. J., HEN-
DERSON, KEPHART, TREXLER and WILLIAMS, JJ.  Re-
versed.

Issue to determine validity of a judgment entered in
1897 against a husband and wife.   Before SLOAN, P. J.
From the record it appeared that a rule to open the
judgment was made absolute on April 21, 1914.
· Other facts are stated in the opinion of the Superior
Court.

*Errors assigned* were in making absolute the rule to
open the judgment, and in refusing at the trial binding
instructions for the plaintiff.

*Harry C. Golden,* for appellant.—The defendant was
clearly barred by laches: Humphreys v. Logan, 242 Pa.
427; Littster v. Littster, 151 Pa. 474; Sands v. McGar-
vey, 25 Pa. C. C. R. 629.
The revival judgments were conclusive, not only as to
matters actually litigated and decided, but as to every
ground of recovery and defense that might have been
presented and decided: Long v. Lebanon National Bank,
211 Pa. 165; Oviatt v. Brownell, 221 Pa. 452.

*F. J. Maffet,* with him *J. S. Carmichael* and *H. M.
Rimer,* for appellee, cited: Dawson v. Strouss, 219 Pa.
353; Dowling v. McGregor, 91 Pa. 410; Murray v. Mc-
Donald, 236 Pa. 26;  Keystone Brewing Co. v. Varzaly,
39 Pa. Superior Ct. 155;  Bank v. Short, 15 Pa. Superior
Ct. 64.

OPINION BY KEPHART, J., July 18, 1916:
A note or other obligation given by a married woman
is now presumed to be valid and if she alleges its in-
validity, the burden is upon her to show that it comes
within the exceptions to her right to contract made in
the statute.   A judgment confessed on such note at most

is voidable and may be set aside only when it appears to have been unauthorized as provided by the act of assembly : Bank v. Poore, 231 Pa. 362.   It is admitted that seventeen years ago the wife of the appellee signed a note with her husband.   She knew at that time that she had signed a paper which authorized a judgment to be confessed.   The evidence does not show that she was not aware of the judgment being entered against her, and she did know that the note was out against her. The money was borrowed by the husband and wife through an attorney, who, it would appear from the evidence, represented them.   The appellant, when the money was loaned to the attorney, did not know the purpose for which it was to be used, or in what manner the loan was made, nor does the evidence show the use that was actually made of all the money.   The note was entered in 1897, it was twice revived by scire facias, the revivals being on two nihils.   These returns were equivalent to a personal service : Taylor v. Young, 71 Pa. 81, and such service is recognized by the Act of July 9, 1901, and its supplement, the Act of 1903.   It has been a method of service for many years : Chambers v. Carson, 2 Wharton 364.   The application to open the judgment and permit the defendant to be let into a defense was an appeal to the equitable power of the court, and to move that discretionary power of the chancellor the application must show reasonable diligence and a case clear from acts which would have a tendency to show liability and long standing knowledge of the acts complained of.   The facts before us do not present the case of one who has done no act that would bring about the condition in which the petitioner found herself when her petition was presented to open the judgment.   She had executed a paper which authorized the entry of a judgment and the issuance of a scire facias to revive it.   When a person is confronted with an execution issued upon a judgment secured on a return of two nihils, with no other knowledge of the proceeding than that given by the execution, his failure for any length of time to move to have the judgment opened,

would not be considered laches. It is only when he has had ample notice or is charged with such acts as prima facie fix his liability that the return of two nihils is given the effect of personal service: Compher v. Anawalt, 2 Watts 490. The appellee, having by her own act initiated the proceeding, she should be diligent to protect the right vouchsafed by the law. Having failed to make the effort reasonably expected of a person who executed papers of this kind, by moving promptly to learn what had become of the note, and having permitted it to stand out against her for seventeen years without complaint, her disability will not now shield her and through it at this late date be permitted to disturb a judgment having on its face every presumption of regularity. The circumstances of record are such that she must have known of the use made of the note. If the integrity of judgments of record for so long a period are to rest on any reasonably safe basis, courts should not disturb them except on evidence free from any suspicion of laches and long standing knowledge of the petitioner's right. While there may have been no decision in the scire facias of the question of coverture as affecting the note, a married woman, like most any other individual, is now subject to the service of process and will be bound by such service as other individuals are bound. She can sue and be sued in the same right as a feme sole and though the subject-matter of the litigation may be beyond her contractual capacity, this disability will not affect the service of the process though it is on a claim beyond her capacity to contract. There could be no question about the judgment if the writ had been personally read to her, and she had failed to appear, the only question presented was, considering all the acts which we have enumerated, "would the return of two nihils be equivalent to personal service?" We think that it would.

The judgment is reversed, the rule to open the original judgment is discharged, and the original judgment is reinstated.