# Gaston *v.* Vitte, Appellant.

*Principal and surety—Husband and wife.*

In an action on a promissory note signed by husband and wife, a finding by the court in a case tried without a jury that the wife was not a surety, but was personally liable, will not be reversed where the evidence tends to show that the proceeds of the note were for the repairs of a property, to which the wife and husband at the time thought she had sole title, but which subsequently appeared was held in their joint names, but was acquired entirely by the wife's money before her marriage, and that the wife had declared to the plaintiffs that she required the money to pay for repairs to her property.

In an action on a promissory note signed by husband and wife, the wife is liable as principal on the face of the note, and if she claims that she is a surety the burden is upon her to prove it.

Argued May 2, 1917. Appeal, No. 153, April T., 1917, by defendant, from order of C. P. Allegheny Co., Jan. T., 1917, No. 1651, dismissing appeal from judgment of County Court in case of H. A. Gaston v. Martha P. Vitte and Paul R. Vitte. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Statement of Facts—Opinion of the Court. [67 Pa. Superior Ct.

Rule for appeal from County Court. Before MAC-FARLANE, J.

From the record it appeared that the case was tried in the County Court without a jury. The court found against the wife who claimed to be a surety on the note in suit which she had signed with her husband. The facts appear by the opinion of the Superior Court.

*Error assigned* was in discharging rule for appeal.

*F. C. McGirr,* for appellant: Oswald v. Jones, 254 Pa. 32; Jaquett v. Allabaugh, 16 Pa. Superior Ct. 557; McCrea v. Sisler, 23 Pa. C. C. R. 639; Patrick & Co. v. Smith, 165 Pa. 526.

*H. W. Mitchell,* of *McKee, Mitchell & Alter,* for appellee.

OPINION BY TREXLER, J., July 13, 1917:

This court held in Scharff v. Stump, 22 Pa. Superior Ct. 14, that "where in a suit on a promissory note signed by a husband and wife, all the testimony goes to show that the wife signed as surety for the husband, it is proper for the court to leave the case to the jury on the credibility of the witnesses." The present case was brought in the county court of Allegheny County and tried before a judge without a jury. The note in question was signed by husband and wife. They testified that she was surety for him and that the money was to be used in his business and that he was the principal in the transaction. Their story did not agree as to some particulars with their affidavit of defense. That was a matter affecting their credibility which was for the trial judge. The plaintiff testified that the money was for the repairs of the property to which the wife and husband at that time both thought she had sole title but which it subsequently appeared was held in their joint names but was acquired entirely by the wife's money before her

marriage to her present husband. Some of plaintiff's testimony would bear the inference that the money for the repairs had been taken out of the husband's business and the present loan was for the purpose of putting it back again. The testimony is not very clear on this point but it appears that the wife was the actor in the matter, that the husband took plaintiff to the wife and that she told him that she required the money to pay the repairs to her property.

The burden of proving that she was merely surety for her husband was upon her. Upon the face of the note she was liable as principal. Her obligation although she be a married woman is not presumed to be invalid unless she shows that the transaction comes within the exceptions: Farmers & M. Bank v. Donnelly, 247 Pa. 518. While a wife may not become surety for her husband, there is no law to prevent her from paying his debts or giving him money to use in his business, even though the wife may have borrowed it, and the wisdom of her so doing is not for the courts to pass upon: Yeany v. Shannon, 256 Pa. 135. The provision in the Act of June 8, 1893, P. L. 344, which forbids a married woman from becoming "accommodation endorser, maker, guarantor, or surety for another," applies only to the technical contract of endorsement, guaranty or suretyship included in the words of the act: Herr v. Reinoehl, 209 Pa. 483; Yeany v. Shannon, supra.

Under the testimony as submitted the conclusion of the learned trial judge that the written promise to pay of Mrs. Vitte was an original undertaking and not a contract of suretyship was justified.

The order of the Common Pleas is affirmed.