## Alloway v. Green et al.

*Judgment — Opening judgment—Married women—Surety for husband— Laches.*

1. A judgment against a married woman will be opened where the averments of her petition to open, unanswered, are, in effect, that she confessed the judgment solely for the accommodation of her husband, and this will be done without requiring her to produce supporting testimony.

2. In such case, if the judgment was entered in 1918 and a *scire facias* to revive and an attachment execution thereon were issued in 1923 without her knowledge, her petition to open the judgment, presented forty-six days after the issuance of these writs, is not barred by her laches, if it appears that no harm was done to plaintiff by the delay.

Rule to show cause why judgment should not be opened and defendant let into a defence. C. P. York Co., April T., 1918, No. 239.

*W. H. Kurtz*, for rule; *W. W. Van Baman*, contra.

WANNER, P. J., Dec. 10, 1923.—It is admitted that the petitioner, Mrs. Ida A. C. Green, signed a joint note of herself and her husband, J. Robert Green, upon which this judgment was entered against them for $1200, on April 23, 1918, and upon which judgment a *scire facias* and an attachment execution were issued against Mrs. Ida A. C. Green alone on June 19, 1923, and served upon her personally on June 21, 1923.

On Aug. 6, 1923, she filed her petition for the opening of said judgment, on the ground that she had signed the note on which it was entered solely as surety for her husband's debt to the plaintiff, John J. Alloway, to whom she was not then indebted, and to whom she is not now indebted, in any manner.

The plaintiff contends that, because of the lapse of time since the entry of said judgment, the petitioner is estopped by her own negligence from obtaining the relief which she seeks. But there is no evidence that the entry of this judgment was brought to Mrs. Green's knowledge prior to June 21, 1923, when the *scire facias* to revive it was served upon her.

It was only forty-six days later that she filed her petition to open said judgment. This does not seem to be so unreasonable a delay as to be inexcusable, especially in the absence of evidence of any resulting injury to the plaintiff.

We find no case holding that so short an interval of delay in seeking relief is sufficient negligence, under the circumstances of this case, to defeat the petitioner's right to have this judgment opened for sufficient cause.

In all the cases cited to the court holding a married woman barred from the relief sought here, on the ground of laches, a period of years had elapsed after the revival of the judgment, or some other proceeding thereon had made known to the defendant its existence and effect. It is only under such circumstances that it becomes the duty of the defendant to act, or be estopped by negligence from seeking a remedy at a later period: Steltzer *v.* Beatty, 64 Pa. Superior Ct. 350.

Alloway v. Green et al.

All further proceedings against the petitioner on this judgment by the plaintiff were stayed by the court upon the filing of her petition.

The subsequent motions to strike off said petition and for judgment for want of a sufficient affidavit are thereby held in abeyance until the application to open this judgment is disposed of by the court.

No answer to this petition, or denial of the facts alleged therein, has been filed by the plaintiff, and the case is, therefore, before the court upon the undisputed allegations of the defendant, Ida A. C. Green, in said petition.

These are sufficient under the authorities to entitle the petitioner to have this judgment opened, because it is well settled that a married woman's signature to a joint note of her husband and herself, which is given solely for the debt of the husband, and in which the wife is only intended to be a surety for its payment, is not enforceable against her.

And now, to wit, Dec. 10, 1923, rule absolute, and the judgment in question is opened and the defendant, Ida A. C. Green, let into a defence thereto.

From Richard E. Cochran, York, Pa.