# First National Bank of Lansdale v. Fretz et ux.

*Vanartsdalen & Biester*, for plaintiff.
*Bunting & Satterthwaite*, for defendants.

BOYER, J., February 1, 1937.—This is a rule granted upon the petition of Emma Fretz, one of the above-named defendants, to show cause why the above judgment, originally entered on June 2, 1926, upon a judgment note for $10,000, should not be opened and petitioner let into a defense. The grounds alleged in support of the rule are that the said judgment note was signed by her solely as ＊surety for her husband, the other defendant, and that she, petitioner, received no financial benefit therefrom. These allegations are denied by respondent, the plaintiff bank. Depositions were taken by the respective parties in support of the rule and of the answer respectively. The facts relating to the contention are few and uncontradicted. The only contest relates to the construction to be placed upon these facts and the application of the law to them.

The facts clearly established by and to be deduced from the depositions are as follows: On May 26, 1926, defendants, being husband and wife, signed and delivered a judg-

ment note to plaintiff for the payment of the sum of $10,000. At the time of the execution and delivery of the note no statement was made to plaintiff's officers as to the purpose of the loan or the subsequent use and disposition of the proceeds. On June 2, 1926, the above judgment was entered on the note. On June 3, 1926, the proceeds of the note were credited by the plaintiff bank to the joint account of the two defendants. On June 7, 1926, the two defendants by their joint check drew the fund from said joint account and transferred the entire amount of the proceeds of the note to Arthur A. Fretz, petitioner's husband. He thereafter used the same for his personal business in which petitioner had no direct interest. The said judgment was revived by an amicable sci. fa. signed by both defendants on May 25, 1931. Arthur A. Fretz, one of the defendants, died on March 14, 1933, whereupon petitioner was appointed administratrix of his estate. An attachment execution was issued on the judgment against Emma Fretz on May 9, 1934, being eight years after the entry of the original judgment and three years after the revival of the judgment. This petition was filed on May 28, 1934.

Upon these undisputed facts petitioner asks to have the judgment opened. Plaintiff contends, first, that the proceeds of the note were delivered to petitioner and her husband jointly, so that, as far as the bank was concerned or had any knowledge, she received the full benefit of the money loaned on the note, and that, if petitioner's husband subsequently got the sole benefit, he did so through the act of petitioner and not of plaintiff; second, that petitioner had full knowledge of the entry of the judgment at the time she signed the amicable sci. fa. of revival and thereby recognized, ratified, and approved the judgment as entered against her; and, third, that she is guilty of laches in not moving promptly after acquiring knowledge of the entry of the judgment to have it opened. All of these contentions are in our opinion well founded and in

accordance with the numerous decisions of our appellate courts.

The first important legal principle applicable to this case is that the production of an obligation signed by a married woman makes out a prima facie case of liability, and the presumption is that a judgment entered on her obligation is regular and valid: Newtown Title & Trust Co. v. Underwood et al., 317 Pa. 212; and the burden is upon her to establish that she signed as an accommodation maker or endorser: Frankford Trust Co. v. Wszolek et al., 320 Pa. 437; Bank v. Poore, 231 Pa. 362; Slater v. Chiccarino et ux., 109 Pa. Superior Ct. 353; Gaston v. Vitte, 67 Pa. Superior Ct. 483; Farmers & Merchants Bank v. Donnelly, 247 Pa. 518. Petitioner in this case has utterly failed to meet this burden of proof. On the contrary, the evidence shows conclusively that she received the benefit of the loan through a deposit by the bank to her credit jointly with her husband. What she may have done with it thereafter, or that she was induced by her husband to transfer it to him, is immaterial: Newtown Title & Trust Co. v. Underwood et al., supra; Gaston v. Vitte, supra; Frankford Trust Co. v. Wszolek et al., supra.

In Newtown Title & Trust Co. v. Underwood et al., supra, the court in a per curiam opinion said:

"Appellant seems to think that if she can show some evidence from which, if believed, the jury could find that the money loaned was ultimately received by her husband, the court was in error in refusing to open the judgment, no matter what the countervailing evidence might have been. The law is not so. It is a matter of total indifference to plaintiff where the money loaned by it ultimately went."

. In that case the court also held that it was immaterial that the lender knew that the wife intended to loan the proceeds to her husband.

In Gaston v. Vitte, supra, the court said:

"While a wife may not become surety for her husband, there is no law to prevent her from paying his debts or giving him money to use in his business, even though the

wife may have borrowed it, and the wisdom of her so doing is not for the courts to pass upon: Yeany v. Shannon, 256 Pa. 135."

In Frankford Trust Co. v. Wszolek et al., supra, it was said:

"There is no law which prevents a married woman from paying her husband's debts, or giving him money to use in his business or for other purposes even though she may borrow it: Yeany v. Shannon, 256 Pa. 135, 138; Scott v. Bedell, 269 Pa. 167, 168."

We are of the opinion that petitioner's joinder in the amicable sci. fa. of revival was not only personal notice to her that this judgment had been entered against her almost five years previously, but was a deliberate acknowledgment of the validity of the judgment as well as a ratification of its entry against her. The revival signed by her specifically sets forth the date and amount of the original judgment and names her as one of the defendants. If she deemed the judgment to be invalid and illegal as to her she should not only have refused to revive it, but should have taken reasonably prompt steps to have it opened at that time: Steltzer v. Beatty, 64 Pa. Superior Ct. 350; Lyons, Exec., v. Burns, 8 Pa. C. C. 359. Had she done so and had she been successful, plaintiff might then have taken steps to collect the note from her husband prior to his decease. Instead of that, the effect of the revival of the judgment naturally was to lull it into a sense of security and to extend its credit, all of which should estop her from now denying its validity.

Petitioner's husband died two years after the revival of the judgment, whereupon petitioner became his administratrix and remained such for a period of a year and two months before she filed this petition. It may be assumed that her husband's estate was insolvent and it is, therefore, a fair inference that she must have known of the existence of this judgment during most of that time. Nevertheless, she did not see fit to raise any question as to her liability until execution was actually issued against her.

Under all these circumstances we must conclude that she was guilty of laches, which alone would be sufficient to bar her from relief in a court of equity.

In Steltzer v. Beatty, 64 Pa.. Superior Ct. 350, it was said:

"The application to open the judgment and permit the defendant to be let into a defense was an appeal to the equitable power of the court, and to move that discretionary power of the chancellor the application must show reasonable diligence and a case clear from acts which would have a tendency to show liability and long standing knowledge of the acts complained of."

Owing to the foregoing conclusions reached by this court, we do not deem it necessary to pass upon the question of petitioner's competency as a witness, raised by plaintiff's objection to her depositions.

Now, February 1, 1937, the petition is dismissed and the rule discharged at the cost of petitioner.