## S. A. WALD & CO., Inc., v. CORN EXCHANGE NAT. BANK & TRUST CO.

### No. 2782.

District Court, E. D. Pennsylvania.
Aug. 30, 1946.
Judgment Affirmed April 18, 1947.
See 161 F.2d 1023.

Albert S. Oliensis, of Philadelphia, Pa., for plaintiff.

Drinker, Biddle & Reath, of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

This is a civil action by the plaintiff, the maker of a $21,000 check, to recover from the defendant a portion ($17,420.18) of its proceeds.

It is admitted by the pleadings and answers to interrogatories that the plaintiff gave Schwartz the check, that Schwartz deposited the check in his account in the defendant bank and that the defendant collected the proceeds in due course and credited the same to his checking account. It is further admitted that a check which Schwartz gave the plaintiff in exchange for the check in suit was dishonored and returned unpaid by the bank upon which it was drawn. The theory of the action is that Schwartz obtained the check from the plaintiff by falsely representing that his check was good and that, as a result, the defendant, via Schwartz trustee ex maleficio, holds the proceeds in trust for the plaintiff.

The only evidence offered by the plaintiff to establish fraud on the part of Schwartz was that of its president. The testimony was objected to on the ground that the witness was incompetent under the Pennsylvania Act of May 23, 1887, Sec. 5, cl. (e), 28 P.S. § 322. The Court reserved ruling and took the testimony subject to the objection.

■ The witness was clearly incompetent. The portion of the Act applicable to this case is "Nor, where any party to a thing or contract in action is dead * * * and his right thereto * * * has passed * * * to a party on the record who represents his interest in the subject in controversy, shall any surviving * * * party to such thing or contract * * * be a competent witness to any matter occurring before the death of said party * * * *". There is no question that:

(a) The thing or contract in action in this case is the $21,000 check transaction to which the plaintiff's president and Schwartz were parties,

(b) Schwartz is dead,

(c) The witness is a surviving party,

(d) Schwartz's right in the contract has passed to a party on the record, the defendant,

(e) That the defendant represents Schwartz's interest in the subject in controversy.

■ If the defendant took the check for collection in behalf of Schwartz or if by reason of a special agreement (as the plaintiff contends) or for any other reason, title to it remained in Schwartz, there can be no doubt about the defendant's representing Schwartz's interest in this controversy. If, on the other hand, the defendant is a holder in due course or an assignee or purchaser with notice, the Pennsylvania decisions are clear to the effect that a bank, acquiring title to commercial paper from a party who subsequently dies, represents his interest in the subject matter of the controversy, within the meaning of the Act. See Foster v. Allshouse, 222 Pa. 446, 71 A. 915; Farmers' & Merchants' Bank v. Donnelly, 247 Pa. 518, 93 A. 761, and Porter v. National Bank of Boyertown, 32 Berks 229. Of course, if the defendant is a holder in due course the plaintiff's claim is defeated in any event by the defendant's superior equity as an innocent purchaser.

The defendant's objection to the testimony of the plaintiff's president is now sustained. Without it there is no case for the plaintiff and judgment must be entered for the defendant. Both parties have submitted a number of requests for findings of fact and conclusions of law. Most of them depend upon the testimony of the plaintiff's president. For this reason they need not be answered. The statements of fact contained in the foregoing opinion may be taken as special findings of fact. The conclusions of law are (1) that the witness S. A. Wald is incompetent to testify under the Act of 1887, supra, (2) that the defendant is entitled to judgment upon the record.

An order may be submitted.