## Ormerod *versus* Dearman.

1. A contract whereby an attorney-at-law undertakes, for a contingent fee, to procure a settlement of a criminal charge for fornication, is against the policy of the law, and cannot be enforced.

2. *Semble :* The same rule applies to all contracts which have for their subject-matter any interference with the creation of laws, or their due enforcement.

3. Whether fornication is within the class of misdemeanors a prosecution for which may be settled by the parties, under the provisions of section 9 of The Criminal Procedure Act of 1860—not decided.

May 11th 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas of *Tioga County :* Of January Term, 1882, No. 142.

Feigned issue, wherein Albert Dearman, administrator of Justus Dearman, deceased, was plaintiff, and John Ormerod, defendant, to try the question, what amount, if anything, was due on a certain judgment for $1,775, entered on a judgment note given by defendant to said Justus Dearman, which judgment had been opened by the court, and the defendant let into a defence.

On the trial before WILLIAMS, P. J., the following facts appeared : The defendant, Ormerod, an attorney-at law, was for some years the friend and counsel of Justus Dearman. The

[Ormerod *v.* Dearman.]

latter was arrested and held to bail, on a charge of fornication, committed with a married woman. The defendant testified that Dearman agreed with him that if he would procure a settlement and withdrawal of the prosecution, he would "pass receipts" with him, and would give him all he (Ormerod) owed Dearman. Ormerod effected such settlement, and the prosecution was withdrawn, and Dearman discharged, by consent of the district attorney. Dearman, at this time, was ill, and continued to grow worse until he died.

The plaintiff presented, inter alia, the following point:

5. That the charge against J. Dearman, proposed to be settled by the alleged contract, constituted a criminal offense against the law, and therefore not susceptible of settlement. The most that could be accomplished in such a case would be to induce the prosecutor not to appear and prosecute, and the alleged agreement in this case to pay for such services, is void, as being against the policy of the law, and cannot be enforced, and the plaintiff is therefore entitled to recover.   Affirmed.

[The court, at first, reserved this point, and submitted to the jury the question of fact, whether the contract alleged by defendant had been made; but after they had withdrawn, and while they were deliberating, the court sent for the jury, and in substance affirmed the said point, and thereby instructed the jury to find for the plaintiff.]

Verdict, accordingly, for the plaintiff, whereupon the defendant took this writ of error, assigning for error, inter alia, the affirmance of the above point.

*Olmsted* (with him *Larrabee, Niles* and *Merrick*), for the plaintiff in error.—Fornication, not being a felony, or an infamous crime, but a mere misdemeanor, for which there is a remedy by action to the party aggrieved, a prosecution instituted therefor may be settled and withdrawn by consent of the prosecutor. This is expressly authorized by sect. 9 of the Criminal Procedure Act of March 31st 1860: Purd. Dig. 377, pl. 9. The settlement being lawful, a contract to pay professional services for effecting such settlement is not against the policy of the law: Mauer *v.* Mitchell, 9 W. & S. 69.

*M. F. Elliott* and *F. E. Watrous* (*Henry Sherwood* with them), for the defendant in error.—Fornication, being an offense against public morals, is not within the purview of the 9th section of the Act of 1860, authorizing settlement of prosecutions for assault and battery, or other misdemeanors of a kindred nature, affecting only the individual prosecutor. If the Act be extended to fornication it would also extend to adultery, assault with intent to rape, &c.

Even if this view be incorrect, the law will not aid in enforcing a contract between the accused and his attorney for a contingent fee for procuring such settlement : Hatzfield *v.* Gulden, 7 Watts 152 ; Clippinger *v.* Hepbaugh, 5 W. & S. 315 ; Bowman *v.* Coffroth, 9 P. F. S. 23.

Mr. Justice PAXSON delivered the opinion of the court, October 2d 1882.

The learned judge of the court below in affirming the plaintiff's fifth point withdrew the case from the jury. The said point is as follows : " That the charge against J. Dearman proposed to be settled by the alleged contract constituted a criminal offense against the law, and therefore not susceptible of settlement. The most that could be accomplished in such a case would be to induce the prosecutor not to appear and prosecute, and the alleged agreement in this case to pay for such services is void, as being against the policy of the law, and cannot be enforced, and the plaintiff is therefore entitled to recover."

The offence with which the plaintiff below was charged was that of fornication. The woman with whom it was alleged he committed said offense was married and the settlement was made with her husband. The defendant, who is an attorney, alleges that the plaintiff agreed to give him a contingent fee of about $2,000, provided he could succeed in settling the matter so as to avoid a prosecution.

We need not discuss so much of the ruling of the learned judge as holds that an offense of this character is not susceptible of settlement. That is not the question here. Conceding the right of settlement, the important question arises whether a court of law will enforce a contract by which an attorney at law undertakes for a contingent fee to procure a settlement of such a criminal charge and thus prevent its coming into court.

The stifling of a prosecution for a criminal offense, even where it is a mere misdemeanor, and of such a character as to be within the control of the parties, is not a proper subject of a bargain for a fee. This is especially the case where the crime is one which concerns public morals. It would lower the standard of the profession and impair its dignity and usefulness were the principle contended for by the defendant to receive judicial sanction. Its mere statement implies an understanding that some means are to be used that are not professional; such contracts, if sustained, cannot fail in many instances to interfere seriously with the administration of public justice.

There is a line of authorities which do not differ from this case in principle. Thus it was held in Hatzfield *v.* Gulden, 7 Watts 152, that " A contract founded upon a promise or

[*Ormerod v. Dearman.*]

engagement to procure signatures and obtain a pardon from the governor, for one convicted of a criminal offence and sentenced to punishment, is unlawful and cannot be enforced by an action." It was said by HUSTON, J., in delivering the opinion of the court: "It is not necessary to say whether, after the whole transaction is closed, a person who incidentally paid some postage, or who under special circumstances carried a petition the signatures to which were spontaneously made, may not receive his actual expense and daily pay. I would say it must be a very special case, however, to justify this. But this is not such a case; and we do not wish to see advertisements that pardons will be obtained at the lowest price, nor anything which approaches to it; and generally, all contracts to change the course of trials, or the effects of trials, whether to obtain a liberation of a prisoner by money to the jailor, or to obtain a a pardon by the use of money directly or indirectly must be void." Yet it is admittedly lawful for a governor to pardon, and for a citizen to solicit a pardon in a proper way.

For a similar reason this court held in Clippinger *v.* Hepbaugh, 5 W. & S. 315, that a contract with an attorney, to procure or endeavor to procure the passage of an act of the Legislature, is void, as being inconsistent with public policy and the integrity of our political institutions.

Bowman *v.* Coffroth, 9 P. F. S. 19, was an action by an attorney to recover compensation for his services before the department in procuring the discharge of a drafted man. It was held that the contract was against public policy and void, whether the compensation for the services was fixed or contingent.

Other cases might be cited were it necessary. Those referred to establish the principle that contracts which have for their subject-matter any interference with the creation of laws or their due enforcement are against public policy and therefore void. The law guards with jealousy every avenue to its courts of justice, and strikes down everything in the shape of a contract which may afford a temptation to interfere with its due administration. That the case in hand comes within the principle referred to is too plain for argument. The defendant may have rendered some professional services to the plaintiff for which he would be entitled to compensation. But the contract which he sets up by way of defence to the note being void as against public policy, the learned judge committed no error in directing a verdict for the plaintiff. This view of the case renders a discussion of the remaining assignments of error unnecessary.

Judgment affirmed.