## Certelli *v.* Braum, Appellant.

Argued October 4, 1928. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*F. A. Ammon,* for appellant.

*F. R. S. Kaplan* and *Blythe Scott Weddell,* for appellee, were not heard.

OPINION BY MR. JUSTICE FRAZER, November 26, 1928:
Defendant appeals from an order refusing to open a judgment entered by confession upon a judgment note.

The petition to open the judgment averred that the note represented the same indebtedness as that of two other notes upon which judgments had been entered; that the execution of the obligation in question was procured by duress; and that the consideration, being founded upon gambling transactions and illicit liquor sales, was illegal. Rules to open the judgments entered upon the two other notes were made absolute, but the court refused to interfere with the third judgment, which is the subject of the present appeal.

A petition to open a judgment is addressed to the equitable powers of the court, and if, on the pleadings and proofs, doubt exists as to the real justice and equity of the case, the court below will not be reversed on appeal: Reidlinger v. Cameron, 287 Pa. 24, 27, and cases there cited. A defendant who seeks to strike down his written obligation must present evidence which is clear, precise and indubitable: Peoples' Bank v. Stroud, 223 Pa. 33, 35.

A great deal of testimony, described by the court below as a "maze of confusing contradictions," was taken. From this evidence it appears that during the years 1925 and 1926 plaintiff was employed as a labor foreman by the construction firm of which Joseph M. Braum, the maker of the note, was a member. Plaintiff also conducted a commissary in connection with the work. He asserts that the consideration for the note was made up of many loans of money and checks cashed and returned because of insufficient funds in bank during the course of his employment. Apparently, this instrument was a complete adjustment of all indebtedness between the parties up to the date of its execution, November 10, 1926. There was evidence that plaintiff and Joseph Braum played cards for money, and that plaintiff supplied Braum with liquor. As the court below well says, however: "There is a lack of convincing testimony that the indebtedness represented by any of the notes is directly the result of gambling or unpaid liquor accounts." And

again: "But that these judgment notes are due to that illicit intercourse is left wholly to conclusion and is by no means an irresistible conclusion, and the evidence is not sufficient to create such a presumption."

The testimony in regard to duress was carefully considered by the court below, and found to be unconvincing. The learned judge points out that the note in question was executed and delivered by Braum in the presence of his family and of his attorney, and that no suggestion was then made of the existance of any reason why it should not be executed. There was testimony to the effect that plaintiff at other times made threats against Braum, but this came from interested sources, or referred to threats made after the execution of the note. In any event, since there was testimony sufficient to support the findings of the court below, we will not here interfere with them.

After a careful reading of the evidence we are of opinion defendant has not met the burden placed upon him, and we cannot consequently say the court below abused its discretion.

Judgment is affirmed.