Pine Brook Bank, Appellant, v. Kearney.

Argued January 27, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART and SCHAFFER, JJ.

*Philip V. Mattes,* with him *James D. Jordan,* for appellant, cited: Shannon v. Coal Co., 25 Pa. Dist. R. 672; Citizens Bank v. Wisecarver, 300 Pa. 60; Wagner v. Marcus, 288 Pa. 579; Pender v. Cook, 300 Pa. 468; Gianni v. Russell, 281 Pa. 320; Yeany v. Shannon, 256 Pa. 135; Bole v. Alden Park Manor, 98 Pa. Superior Ct. 65; Italo-French Produce Co. v. Thomas, 31 Pa. Superior Ct. 503; Alliance v. Abrams, 97 Pa. Superior Ct. 528.

*William J. Fitzgerald,* for appellee, cited: Murray v. McDonald, 236 Pa. 26.

OPINION BY MR. CHIEF JUSTICE FRAZER, March 16, 1931:

Plaintiff appeals from an order making absolute a rule to show cause why judgment entered by confession upon a promissory note should not be opened. By the terms of the instrument, dated May 6, 1925, upon which the judgment is based, defendant, Mary J. Kearney, sole obligor, promised to pay the Pine Brook Bank, plaintiff, the sum of $5,000, "one day after date for value received." Following the text of the note, and the usual clause authorizing confession of judgment, appears a certification as follows: "I......do hereby certify that this note is given for my own personal benefit, and for the improvement of my separate estate, and that I do

not sign as accommodation endorser, maker, guarantor, or surety for any other person." Mrs. Kearney's signature under seal follows. The bank entered judgment on this instrument May 17, 1925.

October 14, 1929, defendant presented her petition to the court of common pleas praying that the judgment entered on the note be opened or struck off; assigning as reasons in support of her application that the note was not for her benefit but for the sole purpose of securing plaintiff bank for a promissory note made by John J. O'Hara in the sum of $5,000; that the O'Hara note having matured in 1925, plaintiff at that time and from time to time thereafter accepted other notes from O'Hara, in lieu of his first obligation, extending the time for payment of his indebtedness for a total period of four years; that defendant had no knowledge of plaintiff's acceptance of the several substituted notes and extension of time for payment until shortly before presenting her petition; and lastly, that she, defendant, was, at the time of the execution of the judgment note signed by her, and still is, a married woman.

A rule to show cause (a) why the judgment should not be opened and defendant permitted to defend and (b) that the judgment be stricken off, being allowed, plaintiff demurred and the court discharged the rule. Subsequently, upon defendant's petition for reargument the court found additional facts and made absolute the rule to open the judgment. From this order plaintiff's appeal is now before us.

Appellant opposes the court's conclusion principally on the ground that defendant's reasons contained in the petition characterize the note as a contract of suretyship, which is in direct contradiction of its terms. And further that the instrument bears the name of but one obligor, and not an obligor and a surety; that its form is that of an ordinary promissory note; that its provisions affirm it not to have been given as a surety paper; and

that defendant's petition is an attempt to vary the terms of a written instrument.

The court found from the evidence before it, that the bank officials had notice that Mrs. Kearney executed the obligation in question as surety for another and not for the improvement of her separate estate; that no money passed from the bank to defendant and the pleadings show no obligation of any character owing to it from her; that the bank having knowledge that the note was given by Mrs. Kearney as surety for another, accepted it from her together with the added untrue certification that the note was given for her own personal benefit, and that she did not sign as "accommodation endorser, maker, guarantor or surety for any other person." The court further found that "The certificate of Mary J. Kearney is logically not an integral part of the contract on which plaintiff's rights against Mary J. Kearney are founded, but is merely a declaration by the contracting party, made by her in an attempt to evade the disability imposed upon her by statute"; and also that "said certificate can be dismissed as a mere useless appendage to the contract," inasmuch as "the bank was an active party in the transaction from the beginning" and that "its officials had their eyes open and knew exactly what they were doing." In the face of these compelling facts of knowledge, concurrence and active participation on the part of plaintiff in effecting a contract of suretyship with a married woman, we cannot regard the certification as vesting such rights in the plaintiff as would enable it to successfully oppose the opening of the judgment.

The facts found by the court below, as above indicated, in disposing of the pending rule, are controlling upon us in the absence of abuse of discretion: National Finance Corp. v. Bergdoll, 300 Pa. 540. We are not however called upon to pass final judgment upon the merits of the obligation, but have to do only with the court's order making absolute the opening of the judg-

ment.   After consideration of the court's action and its
reasons advanced for the order, we find nothing tending
to indicate that it exceeded its discretion.

The order making absolute the rule to show cause why
the judgment should not be opened, is affirmed at appel-
lant's costs.

Mr. Justice MAXEY did not sit at the argument of this
case or take part in determining the questions involved.