Helzlsouer, to use, *v.* Golub (and Vincetish, Appellant).

Argued January 13, 1932. Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey and Drew, JJ.

*F. C. Trescher,* of *Kunkle, Walthour & Trescher,* with him *John D. Meyer,* for appellant.

*John J. Kennedy,* with him *Alexander McConnell* and *Richard P. Cope,* for appellee.

PER CURIAM, March 14, 1932:

Nicholas Vincetish, one of defendants, appeals from the order of the court below discharging his rule to open a revived judgment entered on a promissory note.

"In determining whether or not a judgment should be opened, the court below is required to weigh the evidence of both parties, consider the credibility of the witnesses, give due effect to writings which cannot be subject to bias or forgetfulness, and, in the exercise of a sound discretion, decide, as a chancellor, whether or not, in equity and good conscience, defendant has a just defense to the note......on which the judgment was entered; and this court, on appeal, will reverse only if an abuse of discretion is shown": Warren Sav. Bk. & Tr. Co. v. Foley, 294 Pa. 176, 184-5, and cases there cited; Certelli v. Braum, 294 Pa. 488, 489; Hein v. Fetzer, 301 Pa. 403; Pine Brook Bank v. Kearney, 303 Pa. 223, 226. On the petition here present, by agreement of counsel, a commissioner was appointed to take testimony and report to the court below; and it was further agreed that testimony so taken should be regarded and have the same effect as though heard in open court or on depositions regularly taken. Exceptions to findings of the commissioner were considered and dismissed by the court in banc. The conclusion reached was that the evidence did not justify opening the judgment as to petitioner.

In his petition, Vincetish alleges the note "was part of the consideration of a contract [between Golub and Helzlsouer], the subject-matter of which was unlawful ......, being based upon and having for its purpose the violation......of the national prohibition act......

and of the act of assembly of the Commonwealth of Pennsylvania, known as the Snyder Act, and other acts of assembly......having to do with the prohibition of the manufacture, transportation and sale of intoxicating liquors"; that his signature as accommodation endorser on the note was procured at a time when he was so intoxicated, through the conspiracy of Helzlsouer and Golub, that he was rendered incapable of understanding what he was doing, has no recollection of having signed the obligation, and denies it was his voluntary act; that, as to his action reviving the judgment in December, 1928, he is unable to read or write the English language, was unlearned in the law and inexperienced in matters of business "other than those having to do with the building of small houses and small contracting business which your petitioner has been engaged in for many years," that the paper setting forth his consent to the revival of the judgment was not read to him either in English or his native Croatian language, and he, relying upon assurances of a representative of the bank by whom it was presented, believed it to be "some sort of routine writing" and had no knowledge of its legal effect, nor that it was a ratification of the signing of the original judgment note; and further that, on three occasions when he paid interest on the note after the judgment was revived, petitioner did so in ignorance as to his liability.

The commissioner appointed to hear the testimony made the following findings: The original note of $6,000 was given January 1, 1925, as part payment for the purchase by Nick Golub from S. C. Helzlsouer, of the equipment of the Union Hotel in Monessen, Westmoreland County (which hotel Golub leased from Helzlsouer), the total consideration for the fixtures, etc., being $12,000. Nicholas Vincetish signed the note as accommodation endorser; he was not intoxicated when he did so; and, moreover, he and Nick Golub discussed the signing of the note within a week after its delivery. The

consideration for the $6,000 note, on which there now remains an unpaid balance of $2,850, with interest from March 1, 1929, was not founded on an illegal consideration. The revival of the judgment was by an amicable sci. fa., November Term, 1928, of which Nicholas Vincetish accepted service and confessed judgment in the presence of witnesses, one of whom explained to him the significance of his signature and the obligation to which it bound him. All payments on account of the principal debt of the note in question were made by Nick Golub, and defendant Vincetish made three payments on account of interest, September 11, 1928, December 28, 1928, and March 1, 1929. At the time the latter payments were made, defendant did so knowing he was under a financial obligation to the bank, made no protest or denial of the debt, and had sufficient knowledge of the English language and customs of business to know the importance of his financial obligations. No denial of the debt or its consideration was made by defendant at any time until the filing of the petition to open judgment. Petitioner had been a resident of the United States for about thirty-two years and a citizen since 1914, and at the time of the hearing was engaged in the business of erecting small houses and other buildings, and has been for some time engaged in the contracting business.

The opinion of the court upon exceptions taken to the commissioner's report states: "The commissioner in this case saw the witnesses, observed their manner on the stand, heard them give their testimony, and he is in a better position to judge the weight and credibility of the testimony......than this court is. We are acquainted with all of the witnesses who testified for the defendant petitioner. Their testimony is conclusively against the opening of this judgment. Indeed [his] own testimony, standing alone, we are of the opinion, would not be sufficient to move a chancellor to strike down a solemn written instrument such as a judgment note

under seal...... The evidence submitted by the defendant petitioner is so vague, contradictory and unsupported that it is far from measuring up to the quality and standard of evidence the authorities consistently require" (citing Certelli v. Braum, 294 Pa. 488, where this court said, "A defendant who seeks to strike down his written obligation must present evidence which is clear, precise and indubitable"). In addition, the chancellor found that petitioner's "clear and regular signature" on the note led to the conclusion, confirmed by testimony, that he was sober when he affixed it. See Wertheimer's Est., 286 Pa. 155.

The court in banc, reviewing the testimony and the opinions of the commissioner and the chancellor, upon exceptions taken, held: "To the mind of this court there was no evidence produced either upon the ground of fraud or upon the ground of illegal consideration of the contract that would move a chancellor to open the judgment."

The record discloses ample testimony to support the conclusion of the court below, and we find no abuse of discretion in the refusal to open the judgment as to petitioner.

The order is affirmed at appellant's costs.