## Sirant, Appellant, v. Solkosky.

Argued March 21, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Carroll Caruthers,* with him *John P. Madden,* for appellant.

*James Gregg,* of *Gregg & Gregg,* for appellees.

PER CURIAM, April 24, 1933:

Plaintiff appeals from an order of the court below making absolute a rule to open judgment on a note given to him by defendant in connection with a real estate transaction.

The petition to open the judgment alleges that the note was obtained through fraud and at a time defendant (petitioner) did not understand what he was doing because he was unable to read or write English, and also because plaintiff (respondent) had caused him to become excessively intoxicated. By consent of the parties, testimony in the matter was first taken by a commissioner, who filed a report recommending that the rule be discharged. Exceptions to the commissioner's report were filed and heard by one of the judges of the court below, who sustained the commissioner's findings and discharged the rule. On exception to this decree, the rule was ordered re-argued by the court in banc, which entered an order making the rule to open the judgment absolute. It is from this ruling plaintiff now appeals.

The opinion of the court in banc states: "A reading of the [plaintiff-respondent's] entire testimony...... leads us to the inevitable conclusion that all of his testimony should be very carefully scrutinized by a jury," and cites examples of contradictory and seemingly evasive testimony which tend to indicate that the minds of the parties had never met on the alleged contract in connection with which the note here in question was given. It is a well established rule that an order opening judgment will not be disturbed unless an abuse of discretion is clearly shown. See Helzlsouer, to use, v. Golub et al., 306 Pa. 474, 475, and cases there cited. No such abuse is shown in the present instance; on the contrary, the

court below evidently acted only after argument and re-argument and careful consideration of all the testimony. The order is affirmed.