## Johnson *v*. Capital Fire Insurance Company., Appellant.

*Trial—Charge—Failure to object—Inadvertent error—Harmless error—
Insurance.*

In an action on a policy of fire insurance it appeared that the limit of the defendant's liability under the terms of the insurance policy was the actual cash value of the building insured, not in any event to exceed "what it would cost the insured to repair or replace the same with materials of like kind and quality." At the trial the court used the word "restore" instead of "repair" in the charge, but the trial judge's attention was not called to the mistake at the time. *Held,* that the mistake was an inadvertent error which would have been corrected, and that it was not a ground for reversal.

A party may not sit silent and take his chances of a verdict, and then if it is adverse complain of a matter which if an error would have been immediately rectified and made harmless.

Argued May 13, 1907. Appeal, No. 56, Jan. T., 1907, by defendant, from judgment of C. P. Fayette Co., June T., 1906, No. 394, on verdict for plaintiff in case of Daniel J. Johnson and Charles H. Gorley v. The Capital Fire Insurance Company of Concord, N. H. Before FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Assumpsit on a policy of fire insurance. Before UMBEL, J.

At the trial it appeared that under the terms of the policy the defendant's liability was limited to the actual cash value of the building insured, not in any event to exceed " what it would cost the insured to repair or replace the same with materials of like kind and quality."

The court charged in part as follows:

[On the part of the plaintiff a number of witnesses have been called to give you their opinion and judgment as to what was necessary to be done and what it would cost to restore and replace the building in as good condition as it was before the fire.] [2]

[Mr. Sembower told you that he had made a very careful examination of the character and quality and put it in as good condition as it was before the fire.] [3]

[The walls might be safe. That, however, does not comply with the requirements or the obligation on the part of these defendant companies, to restore them in the condition they were before the fire or make them of materials of equal character or quality and to be of equal cash value.] [4]

Verdict and judgment for plaintiff for $1,901.10. Defendant appealed.

*Errors assigned* among others were (2–4) above instructions, quoting them.

*W. K. Jennings*, with him *D. C. Jennings* and *Jones & Henderson*, for appellant.

*W. J. Sturgis*, with him *J. C. Work* and *Robinson & McKean*, for appellees.

PER CURIAM, May 27 1907:

The limit of the defendant's liability under the terms of the insurance policy was the actual cash value of the building insured, not in any event to exceed " What it would cost the insured to repair or replace the same with materials of like kind and quality." It is urged that the use of the word " restore " instead of the word " repair " in the charge may have misled the jury as to the measure of damages. If counsel thought the use of the word was objectionable, they should have called the attention of the court to it at the time. At most it was an inadvertent error which would have been corrected. " A party may not sit silent and take his chances of a verdict, and then if it is adverse complain of a matter which if an error would have been immediately rectified and made harmless: " Commonwealth v. Razmus, 210 Pa. 609. The assignments of error are overruled and the judgment is affirmed.