# Young's Estate.

*Promissory notes—Husband and wife—Principal and surety.—Act of May 16, 1901, P. L. 194.*

1. Where a bank discounts a promissory note executed by a wife to the order of her husband and endorsed by the husband, with knowledge that the wife is a surety, and upon the husband's lunacy takes from the wife for the same debt a new note made by the wife, and endorsed by the latter's sister, and, after several renewals thereof, the sister dies, the administrator of the sister cannot resist payment of the note on the ground of the invalidity of the original note as against the wife. In such a case the bank is entitled to the protection afforded by the 57th and 66th Sections of the Act of May 16, 1901, P. L. 194, relating to negotiable instruments.

2. When a new debtor is substituted by way of novation for the original debtor there is a sufficient consideration for the new debtor's note as for his own debt.

3. The endorsement of a promissory note implies a guaranty by the endorser that the maker was competent to contract in the character in which by the terms of the note he purported to contract. The endorser cannot set up the incapacity of the maker for the purpose of defeating his own liability.

Argued Oct. 26, 1911. Appeal, No. 165, Oct. T., 1911, by Mary Emma Vincent, Administratrix, from decree of O. C. Allegheny Co., Nov. T., 1910, No. 141, dismissing exceptions to adjudication in Estate of Parthenia Young, deceased. Before BROWN, MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Exceptions to adjudication. Before HAWKINS, P. J. The facts are stated in the opinion of the Supreme Court.

*Error assigned* among others was in dismissing exceptions to the adjudication.

*George H. Rankin,* for appellant. The endorser of a void note is not liable thereon. Southern Loan Co. v. Morris, 2 Pa. 175; Unger v. Boas, 13 Pa. 601.

*W. T. Tredway,* for appellee, cited Leonard v. Draper, 187 Mass. 536 (73 N. E. Repr. 644).

OPINION BY MR. JUSTICE STEWART, January 2, 1912:
The note which gives rise to this controversy was the last of series of renewals, all of like tenor, with the same maker and endorser on each. The maker was a married woman; the endorser, a single woman, who has since died. It is against the estate of the latter, now in process of distribution, that demand is made for payment of the note. The transaction had its origin back in October 1903, when the East End Savings and Trust Company, appellee, discounted a note drawn by Emma Vincent payable to the order of Reed M. Vincent, and by the latter endorsed, for $2,000, with full knowledge of the fact that maker and endorser of the note were husband and wife, and that while the wife appeared as maker of the note, she was in point of fact surety. The proceeds of the note were passed to the credit of

the husband on the books of the bank. This note was renewed from time to time, the last renewal on which the husband appeared bearing date 16th January, 1907. Before maturity of this last renewal Reed M. Vincent was adjudged a lunatic. Upon its maturity the bank required of Mrs. Vincent that she either deposit collateral or furnish a satisfactory endorser. To meet this demand she gave a new note in which she was maker and her sister, Parthenia Young, endorser. This note so endorsed was regularly renewed, the last renewal bearing date 11th January, 1909. Before its maturity Parthenia Young died. The note having been protested, it is now presented for payment out of the latter's estate. That the bank is a holder in due course, for value cannot be disputed. When it accepted the first note drawn by Mrs. Vincent with Parthenia Young as endorser, it surrendered the obligation on which Reed M. Vincent was bound, thereby parting with a security it had, and by accepting the new note it extended the time of payment for Mrs. Vincent. It is well settled that when a new debtor is substituted by way of novation for the original debtor, there is a sufficient consideration for the new debtor's note as for his own debt, 7 Cyc. 702. The fact that originally the debt was that of the husband of Mrs. Vincent and not enforceable at law against her, puts no different aspect on the case. A moral obligation rested on Mrs. Vincent to pay the debt as she had contracted to do. Her legal exemption from liability was a personal privilege of which she might or might not choose to avail herself. Leonard v. Duffin, 94 Pa. 218, Rathfon v. Locher, 215 Pa. 571. It follows that when the first note was given with Parthenia Young as endorser, a consideration moved directly to Mrs. Vincent in the extension allowed her to redeem her moral obligation. The bank then being the holder in due course, for value, is entitled to the protection which our Act of May 16, 1901, P. L. 194, relating to negotiable instruments

gives. By the 57th section of that act it is provided that "a holder in due course holds the instrument free from any defect of title of prior parties, and free from defense available to private parties among themselves, and may enforce payment of the instrument for the full amount against all parties liable thereon. And by the 66th section it is provided, that every unqualified endorsement shall be held to warrant, (1) that the instrument is genuine and in all respects what it purports to be, (2) that the endorser has a good title to it, and (3) that all prior parties had capacity to contract. The effect of the statute is to shut off all such defense as is here set up. In so deciding we are in accord with the decisions in other states where like statutory provision governs. In Erwin v. Downs, 15 N. Y. 575, it is held that "the endorsement of a promissory note implies a guarantee by the endorser, that the makers were competent to contract in the character in which by the terms of the paper they purported to contract, and knowledge by one who became the holder of such a note before maturity and for a valuable consideration that the makers were married women, does not deprive him of the right to rely upon the implied guaranty of the endorser that the makers were competent to contract as parties, nor of the character of a bona fide holder." In Binney v. Globe National Bank, 150 Mass. 574, it is held that "while a promissory note between husband and wife is void between the original parties, an endorser when sued on the contract between him and his endorsees is not at liberty to deny the validity of the original note, or the capacity of the maker, for the purpose of defeating his or her liability." The views expressed in these cases as to the purpose and effect of the statute rest upon the plain language of the act itself, which admits of no other construction. Their application to the case in hand is too obvious to call for discussion. The order and decree of the Or-

phans' Court awarding payment of the note out of the
estate of Parthenia Young is affirmed, and the appeal
is accordingly dismissed.