# The Class & Nachod Brewing Company *v.* Rago, Appellant.

*Married women—Sureties—Judgment note—Trial—Charge—Rebuttal testimony—Discretion of court.*

1. In the trial of a feigned issue to determine whether defendant, a married woman, was liable upon a judgment note given for borrowed money where it appeared that the defense was that she was acting as surety for her son John, the court correctly charged as follows: "The law is that a married woman cannot become surety. She may create a loan for herself, and do what she pleases with the money after she borrows it but she cannot become surety; and if a married woman makes an agreement in which she undertakes to become surety, it is void. The question therefore in the case is whether she made an obligation to pay $1,500 loaned to her or was to pay only in the event that John failed to pay."

2. In the trial of such issue, after plaintiff's case had closed and defendant had presented her defense and the plaintiff its rebuttal, the court committed no error in excluding an offer of testimony by defendant, which was merely cumulative and corroborative of her defense, and where the witness offered had been in court during the whole trial.

Argued March 27, 1913. Appeal, No. 416, Jan. T., 1912, by defendant, from judgment of C. P. No. 5, Philadelphia Co., March T., 1905, No. 3518, on verdict for plaintiff in case of The Class & Nachod Brewing Com-

pany v. Concetta Rago.  Before FELL, C. J., MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ.  Affirmed.

Feigned issue to determine whether defendant, a married woman, was liable on a judgment entered on a judgment note.  Before MARTIN, P. J.

The opinion of the Supreme Court states the case.

Verdict and judgment for plaintiff for $2,025.  Defendant appealed.

*Errors assigned* were the refusal of motion for judgment for defendant n. o. v., the charge of the court and the exclusion of testimony of a witness in rebuttal.

*Francis M. McAdams,* with him *William H. Wilson,* for appellant.

*Owen J. Roberts,* for appellee.

OPINION BY MR. CHIEF JUSTICE FELL, April 28, 1913:
This was a feigned issue to determine the validity of a d. s. b. judgment entered upon a note given by the defendant, a married woman, to the plaintiff.  The defense at the trial was that the transaction in which the note was given was one of suretyship and came within the inhibition of Section 2 of the Act of June 8, 1893, P. L. 344, which prevents a married woman from becoming "accommodation endorser, maker, guarantor or surety for another."  The assignments of error are to the charge, on the grounds of insufficiency and incorrect statements of the law, to the refusal to enter judgment non obstante veredicto and to the exclusion of testimony.

At the trial, the defendant and her witnesses testified that the transaction in which the note was given was one in which she became surety for her son for money loaned to him and that she was to be held liable on the note only in the event of his failure to pay.  The

witnesses for the plaintiff testified in rebuttal that the money was loaned the defendant, that the debt was hers as a principal and that there was no arrangement or plan, suggested or contemplated by which she was in fact to become surety for her son. Every allegation of defense was met by unequivocal denial. The issue thus raised was submitted to the jury with instructions that a married woman cannot be bound by a contract of suretyship and that any agreement by which she undertakes to become surety is void and that the sole question for decision was whether the defendant's obligation was for money loaned to her or was a security for money loaned to her son. The language of the learned trial judge was in part: "The law is that a married woman cannot become surety. She may create a loan for herself, and do what she pleases with the money after she borrows it but she cannot become surety; and if a married woman makes an agreement in which she undertakes to become surety, it is void. The question, therefore, in the case is whether she made an obligation to pay $1,500 loaned to her or was to pay only in the event that John failed to pay." The charge as a whole was a very clear and concise statement of the contentions of the parties, of the issue of fact raised, and of the law applicable thereto, and it presented to the jury the single question to be decided unobscured by redundant verbiage. Fuller or more specific instructions were not asked for and a complaint of inadequacy comes now with ill grace and is not entitled to consideration: Commonwealth v. Razmus, 210 Pa. 609; Medis v. Bentley, 216 Pa. 324; Johnson v. Capital Fire Ins. Co., 218 Pa. 421.

The law was correctly stated in the charge. While it has been uniformly decided that the liability of a married woman on her contracts under the Act of 1893 is not to be determined alone by the form of the obligation into which she enters and inquiry may be made as to its real object and that it will be declared void notwithstanding its form, if in fact it is a device to evade the

restriction imposed by the statute, it has never been held that where a married woman borrows money on her own account the lender has any concern in relation to the use she makes of it. The money is hers to do with as she pleases: Spott's Est., 156 Pa. 281; Steffen v. Smith, 159 Pa. 207; Italo-French Produce Co. v. Thomas, 31 Pa. Superior Ct. 503. The cases cited by the appellant are not in point. They decide only that a device may not be resorted to to evade the statute and that courts will look beyond the mere form to the substance and purpose of the agreement.

The offer of testimony that was overruled was that of a witness who was present when the note was given. He was called after the plaintiff's case in chief had closed and the defendant had presented her defense and the plaintiff had examined its witnesses in rebuttal. The witness was present during the whole trial and the offer was not in contradiction of new matter brought out by the plaintiff in rebuttal but of testimony that was cumulative merely and corroborative of the defendant and her witnesses. It was not error to overrule the offer.

The judgment is affirmed.