## Yeany, to use of Gold Standard National Bank of Marienville, Pa., *v.* Shannon.

*Negotiable instruments—Promissory notes — Married women — Accommodation makers and endorsers—Act of June 8, 1893, P. L. 344—Judgments—Opening judgments.*

1. While a wife may not become surety for her husband, there is no law to prevent her from paying his debts or giving him money to use in his business, even though the wife may have borrowed it, and the wisdom of her so doing is not for the courts to pass upon.

2. The provision of the Act of June 8, 1893, P. L. 344, which forbids a married woman from becoming accommodation endorser, maker, guarantor or surety for another, applies only to the technical contract of endorsement, guaranty or suretyship included in the words of the act.

3. A married woman gave a judgment note to a bank, using part of the proceeds to pay her husband's debts. It appeared that in negotiating the loan, the husband acted as his wife's agent. It did not appear that the husband was in any way liable on the note. Judgment was entered on the note and a rule was taken to open the judgment. The court discharged the rule. *Held,* no error.

Argued Sept. 27, 1916.   Appeal, No. 80, Oct. T., 1916, by I. M. Shannon, Executor of the Estate of E. Y. Shannon, deceased, from judgment of C. P. Clarion Co., Aug.

T., 1912, No. 73, discharging rule to open a judgment, in case of P. Y. Yeany, to use of the Gold Standard National Bank of Marienville, Pa., v. E. Y. Shannon.    Before BROWN, C. J., MESTREZAT, POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ.    Affirmed.

Rule to open a judgment entered upon a judgment note given by a married woman.    Before CRISWELL, P. J.

The opinion of the Supreme Court states the facts.

The court discharged the rule.    I. M. Shannon, Executor of the Estate of E. Y. Shannon, deceased, appealed.

*Error assigned* was in discharging the rule.

*George F. Whitmer,* for appellant.

*F. J. Maffett* and *H. M. Rimer,* for appellee.

OPINION BY MR. JUSTICE WALLING, January 8, 1917:

This is an appeal from an order discharging a rule to open judgment entered upon a note given by a married woman, the defense set up being that she was an accommodation maker.    In 1900 Mrs. E. Y. Shannon gave a note for $4,000.00 to the Second National Bank of Clarion of which her husband, I. M. Shannon, was then cashier.    This was done to aid Mr. Shannon in the purchase of a mortgage.    The note was renewed to the bank from time to time; and finally replaced by a note made by Mrs. Shannon payable to her brother, P. M. Yeany, and by him guaranteed and assigned to the bank.    This latter note was also renewed from time to time, until in March, 1910, the bank held such note so guaranteed for the amount of $2,800.00.    Then Mr. Shannon, acting for his wife, negotiated from plaintiff bank a loan of $3,-000.00, giving therefor her note endorsed and guaranteed by Mr. Yeany, who received a cashier's check for same, less $60.00 discount, and which check he handed to Mr. Shannon, who deposited $2,800.00 thereof in his wife's ac-

count in said Clarion bank, and the balance of the check, to wit, $140.00, he used as his own. At or about the same time Mrs. Shannon drew a check for $2,800.00 in favor of the Clarion bank in payment of her note of that amount therein.

In connection with the $3,000.00 loan from the plaintiff bank the Second National Bank of Clarion made a loan of like amount to one of the officers of the Marienville bank, in the nature of an exchange of loans between said banks. The note in like amount and substantially in like form was renewed from time to time until 1912, when the final note was given on which the judgment against Mrs. Shannon in this case was entered. Mr. Yeany had no financial interest in the matter and what he did was for the accommodation of the Shannons. It does not appear that the plaintiff knew that Mr. Shannon was to receive any part of the proceeds of the note. Mrs. Shannon died in 1913 and her executor was substituted as defendant. The testimony of two of the officers and stockholders of the plaintiff bank was taken as to matters occurring in her lifetime. This was objected to inter alia as incompetent and was excluded. Some evidence was also taken on behalf of defendant.

The court below in a very careful review of the law and the facts reached the conclusion that Mrs. Shannon was the principal debtor and not a surety on the note in suit, and discharged the rule to open judgment. There seems to be no doubt of the correctness of that conclusion. Mr. Yeany's relation to the transaction was clearly that of an accommodation endorser and guarantor. Mrs. Shannon certainly did not make the note for his benefit, for he received no benefit whatever. She did not in making this note guarantee or become surety for the debt of her husband for so far as appears he owed nothing either to Mr. Yeany or the Marienville Gold Standard National Bank; and he was not a party to the note, and plaintiff had no right of action thereon against him. Every in-

debtedness has a principal debtor, and here it must be Mrs. Shannon for there was no other.

The question is as to her relation to this note and to this indebtedness. The consideration for the note, except the $140.00, was deposited to her credit and was her money, and she used it to pay the note which she had given to the Second National Bank of Clarion, and on which her brother was guarantor. As between them she was principal on that note. She could do what she liked with the $2,800.00, even to paying an obligation on which she was surety, or her husband's debts. A bank that in good faith loans money to a married woman is not bound to ascertain for what purpose she borrows it, nor responsible for what she does with it: Class & Nachod Brewing Co. v. Rago, 240 Pa. 470.

While she may not become surety for her husband there is no law to prevent her paying his debts or giving him money to use in his business, even though she may have borrowed it. And the wisdom of her so doing is not for the courts to pass upon.

It is not necessary to decide what Mrs. Shannon's position was with reference to the original loan from the Second National Bank of Clarion, for as to the loan here in question she was the principal debtor.

"The provision in the Act of June 8, 1893, P. L. 344, which forbids a married woman from becoming 'accommodation endorser, maker, guarantor, or surety for another,' applies only to the technical contract of endorsement, guaranty or suretyship included in the words of the act": Herr v. Reinoehl, 209 Pa. 483.

We see no reason to modify the rule as there stated. Of course courts should look at the substance of the transaction, but there is not even a suspicion here that Mr. Yeany or the Marienville Gold Standard National Bank was endeavoring to evade the provisions of the statute. And the transaction must be judged as of the date of the loan: Manor National Bank v. Lowrey, 242 Pa. 559, 563.

The note is presumed valid and the burden of proof is on the defendant to show that Mrs. Shannon was a surety and not the principal debtor: Farmers' & Merchants' Bank v. Donnelly, 247 Pa. 518.

The evidence justifies the conclusion that Mr. Shannon was acting for his wife in the transaction with the plaintiff bank and we do not deem the question of his general authority to act for her as of controlling importance in this case.

We have examined the testimony taken on behalf of plaintiff, but do not deem it important to the defendant, nor necessary to pass upon the question of its competency.

The assignments of error are overruled and the judgment is affirmed.