# Arch Building & Loan Assn. *v.* Schlesinger, Appellant.

*Husband and wife—Wife as surety—Bond—Building and loan association—Mortgage.*

Where a married woman takes title to real estate which is subject to a building and loan association's mortgage, and in consideration of the transfer to her of certain shares of the association, pledged to secure payment of the mortgage, executes a bond under seal, without her husband, to the association, conditioned for the payment by her of the contribution on the stock, and the performance of the covenants and stipulations in the bond accompanying the mortgage, the woman's liability on the bond executed by her under seal, is a direct obligation, and not a contract of suretyship.

Argued Oct. 15, 1917.   Appeal, No. 33, Oct. T., 1917, by defendant, from order of C. P. No. 5, Philadelphia Co., March T., 1916, No. 1977, discharging rule to open judgment in case of Arch Building & Loan Assn. v. Rose K. Schlesinger.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Rule to open judgment.
MARTIN, P. J., filed the following opinion:
Judgment was entered by the Arch Building & Loan Association upon a bond, under authority of a warrant of attorney executed by Rose K. Schlesinger, the defendant.   The bond was in the sum of $2,000, and contained recitals that Israel S. Knox obtained a loan of $1,000 from the building association on seven shares of stock, and that the loan was secured by a bond and mortgage upon premises 1441 North Franklin street, in the City of Philadelphia; the mortgage contained a stipulation that the mortgagor should pay seven dollars per month upon the shares of stock, interest on the bond, premiums and fines imposed for nonpayment, and taxes; that Rose K. Schlesinger was about to become owner of the premises

subject to the debt and had requested the association to transfer to her the seven shares of stock subject to the lien of the association, which transfer the association was willing to make, provided the original bond accompanying the mortgage should not be considered released by the transfer of the stock.

The bond executed by defendant contained a condition that upon payment by her of the contribution on the stock, and interest on the principal, and the premiums according to the terms of the mortgage, all fines imposed for nonpayment of contributions upon the stock, interest and premiums, the taxes assessed against the premises, arrears of ground rent, and interest on prior encumbrances, and the maintenance of insurance, and performance of the covenants and stipulations in the bond and mortgage, the obligation should be void; otherwise to remain in full force and virtue.

A suggestion of default was filed alleging a failure by Knox to pay interest on the mortgage, and stating the balance due to the mortgagee after allowing credit for the proceeds of a sheriff's sale of the property upon the foreclosure of the mortgage.   Damages were assessed at $435.13.

A petition was presented by defendant praying for this rule to show cause why the judgment should not be opened.   It was averred that defendant received no valid consideration for the execution of the bond, and that she is a married woman without legal power to execute the bond which was signed by her as surety.

An answer was filed by plaintiff denying that the bond was signed as surety and alleging that she was the owner in fee of the property 1441 North Franklin street, which was conveyed to her under and subject to the payment of the mortgages, and thereby she became personally liable for their payment, and that the bond was executed by her in consideration of the assignment to her of the seven shares of stock that had been issued to Knox, the former owner of the mortgaged property.

107, (1918).] Opinion of Court below—Opinion of the Court.

The bond is under seal, and is a direct obligation binding the defendant to comply with its terms. The fact that a bond of the former owner, Knox, was also held by plaintiff, does not change the character of the bond executed by defendant from a direct obligation to one of suretyship. Rule discharged.

*Error assigned* was the order of the court.

*Lionel Teller Schlesinger,* for appellant.

*Adolph Eichholz,* for appellee.

PER CURIAM, March 2, 1918:

The only assignment of error relates to the discharge of a rule to show cause why judgment should not be opened and the defendant led into a defense. The judgment is affirmed for the reasons stated in the opinion of the court below discharging the rule.