Newtown Title and Trust Co. *v.* Underwood
(et al., Appellant).

Argued January 15, 1935.   Before SIMPSON, KEPHART,
SCHAFFER, MAXEY, DREW and LINN, JJ.

*George Ross,* for appellant.

*Isaac J. Vanartsdalen,* with him *George A. Maene* and *Edward G. Biester,* for appellee.

PER CURIAM, February 4, 1935:

Appellant and her husband gave a judgment note to plaintiff, upon which judgment was entered against both of them. Subsequently, upon petition filed, appellant obtained a rule to show cause why the judgment should not be opened so far as she was concerned. An answer was filed by plaintiff, depositions were taken, the court below refused to open the judgment, and the wife appeals. The order is right and must be affirmed.

Appellant seems to think that if she can show some evidence from which, if believed, the jury could find that the money loaned was ultimately received by her husband, the court was in error in refusing to open the judgment, no matter what the countervailing evidence might have been. The law is not so. It is a matter of total indifference to plaintiff where the money loaned by it ultimately went. The loan having been made to the wife, and she having given her obligation for it, she is liable to plaintiff, although the husband joined in the obligation, and though she borrowed the money intending to give or loan it to him, and plaintiff knew that this was so: McGarrity v. McMahon, 240 Pa. 553; Young's Est., 234 Pa. 287.

Since the passage of the Act of 1887, a married woman's power to contract is the rule and not the exception, as theretofore it had been; the production of an obligation signed by her makes out a prima facie case of liabil-

ity, and the presumption is that a judgment entered on her obligation is regular and valid; and, with the exception of such disabilities as are particularly specified in or are contemplated by the statute, married women are emancipated from their common law disabilities, and are authorized to incur contract liabilities as if they were feme soles: Spotts's Est., 156 Pa. 281. This position is strengthened by all the later cognate statutes. Of course a device may not be resorted to to evade the statutes; the courts will look beyond the mere form to the substance and purpose of the agreement: Class & Nachod Brewing Co. v. Rago, 240 Pa. 470. There is in the present case, however, no evidence whatever that plaintiff knew or had any reason to believe that such an agreement existed. If there was one it was carefully concealed from plaintiff. This alone defeats the present appeal.

Moreover "An application to open a judgment entered on a warrant of attorney is addressed to the equitable powers of the court, and on appeal the question is whether there has been a rightful exercise of discretion": Kaier Co. v. O'Brien, 202 Pa. 153, 160.

Tested by this rule, and after an elaborate review of the evidence and the applicable authorities, the court below said "We are unable to see any possible theory upon which we could open this judgment." With this conclusion we are in full accord.

The order of the court below is affirmed and the appeal is dismissed at the cost of appellant.