## Homer Building and Loan Association, Appellant, v. Noble.

154

Argued November 13, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*B. I. DeYoung,* with him *B. Leon Brenner,* for appellant.

*William B. Rudenko,* with him *Harry Shapiro,* for appellee.

OPINION BY BALDRIGE, J., December 11, 1935:

Charles M. Noble, husband of the defendant, executed

two stock loan notes, one on November 3, 1926, in the sum of $200, and another on February 22, 1930, in the sum of $100. Each was payable within one year from its date to a building and loan association, which later merged with the appellant. The maker assigned as collateral to secure the payment of the notes five shares of stock of the association, on which he had paid approximately $700. Thereafter, on February 25, 1930, Noble assigned and transferred the five shares to his wife, which was recorded on the books of the association. Coincident with this assignment, the appellee executed a stock loan note, in the sum of $300, payable within one year, to the Homer Building and Loan Association, which is the basis of this suit. The affidavit of defense alleged (1) that the note was signed by the wife as surety for her husband's debt, and (2) that it was without consideration. The trial judge of the municipal court of Philadelphia, sitting without a jury, held that there was no consideration for the note, and found in favor of the defendant.

(1) The note indicated that it was a direct, individual obligation upon the part of the maker. No evidence of any contract of suretyship appears thereon. But if the facts produced show that the transaction was, in truth, one of suretyship, the form of the note is not conclusive: Sibley v. Robertson, 212 Pa. 24, 61 A. 426; Newhall v. Arnett, 279 Pa. 317, 123 A. 819. Then the wife is relieved from liability under the Act of June 8, 1893, P. L. 344 (48 PS §31 et seq.). Under this statute, she possesses the same right as an unmarried person to contract, subject only to the exceptions noted therein. There is now no presumption that a note she gives is invalid, and if she alleges that it is, the burden is upon her to show that she is protected by the exceptions in the statute: Farmers & M. Bank v. Donnelly, 247 Pa. 518, 93 A. 761; Yeany v. Shannon, 256 Pa. 135, 100 A. 527. While a wife may not become a surety for her husband, there is nothing to

prevent her paying his debts: Bank v. Poore, 231 Pa. 362, 80 A. 525. The stock which the wife acquired was unquestionably impressed with the loan of $300. She owned a valuable equity, as considerably more than the amount of the loan had been paid on account of the subscribed stock, and it was to her interest to protect this equity. Continuing to pay the installments, instead of withdrawing from the association, and thus not permitting the stock to be sold and the amount realized therefrom credited on the note was to her advantage, as one would expect the stock as it approached maturity to increase in value. Usually, the older the stock, the higher the return received from payments made thereon. We think that the appellee has failed to sustain the burden of showing that she gave the note as surety for her husband's debt, and that the evidence shows that the note was her original obligation, given to protect her interest in the stock.

(2) The note was under seal, which imported consideration. "In Pennsylvania a seal is more than mere presumptive evidence of consideration. It imports consideration (Yard v. Patton, 13 Pa. 278, 284), and therefore want of consideration is no defense to an action on the sealed instrument: Dominion Trust Co. v. Ridall, 249 Pa. 122, 125; Cosgrove v. Cummings, 195 Pa. 497; Clymer v. Groff, 220 Pa. 580. There is, however, a distinction between want and failure of consideration; want of consideration embraces transactions or instances where none was intended to pass, while failure of consideration implies that a valuable consideration, moving from obligee to obligor, was contemplated: Meek v. Frantz, 171 Pa. 632:" Killeen's Est., 310 Pa. 182, 187, 165 A. 34. Independent of the legal effect of a seal, undoubtedly a good and valuable consideration was shown. It clearly appears that the building and loan association by accepting the wife's note surrendered its right to sell the stock—which it could have done under the husband's first note as it was long past

due—for at least a year if the terms of the note were fulfilled. Forbearance to sue on a claim is a sufficient consideration: Union Trust Co. v. Long, 309 Pa. 470, 164 A. 346.

In the case of Arch B. & L. Assn. v. Schlesinger, 69 Pa. Superior Ct. 107, Rose K. Schlesinger, a married woman, was about to become the owner of the premises, subject to a building and loan association mortgage. She requested the association to transfer to her the seven shares of stock which had been taken out by her vendor and assigned to the building and loan association as collateral security for the payment of the mortgage. The association agreed to this arrangement, provided the original bond accompanying the mortgage should not be considered released by the transfer of the stock. Mrs. Schlesinger accordingly executed a bond, conditioned upon "payment by her of the contribution on the stock," interest, premiums, etc. Upon default, judgment was entered on the bond, which Mrs. Schlesinger sought to have opened, alleging that there was no valid consideration for the execution of the bond, and that it was signed by her, a married woman, as surety. The lower court held that the bond was under seal, and was a direct obligation binding on the defendant to comply with its terms; that the fact that a bond of the former owner was also held by plaintiff did not change the character of the bond executed by defendant from a direct obligation to one of suretyship. The case was affirmed by this court on the opinion of the late Judge MARTIN of Common Pleas No. 5, Philadelphia County. The learned trial judge in the case at bar expressed the view that that decision has no application here because defendant had an interest in the property secured by the mortgage for which the stock was given as collateral security. We think it has. True, this defendant had no interest in real estate covered by a mortgage, but she had personal property, which it was

to her interest to protect, held as security for the payment of the note, and she is, therefore, not a surety.

The appellee argues in her paper book that she is entitled, in any event, to the merger value of her shares of stock as a set-off to plaintiff's claim. The court below ruled adversely to this contention. She took no appeal, and that dispute is not involved in the record before us.

The judgment entered by the learned court below is reversed, and judgment is now directed to be entered for plaintiff in the amount of its claim.