## Frankford Trust Company *v.* Wszolek, Appellant, et al.

Argued January 7, 1936. Before KEPHART, C. J., SCHAFFER, DREW, LINN and BARNES, JJ.

*Joseph A. Allen,* with him *Bertram K. Wolfe,* for appellant.

*Henry Panfil,* of *Moore, Gosling & Panfil,* for appellee.

PER CURIAM, January 31, 1936:

Appellant, a married woman, seeks to be relieved of her obligation on a note because she claims to have signed as accommodation maker. A note or obligation given by a married woman is now presumed to be valid

and the burden is upon her to prove its invalidity when she alleges that it comes within the sole exception to her right to contract. We recently stated in Newtown Title & Trust Co. v. Underwood, 317 Pa. 212: "A loan having been made to the wife, and she having given her obligation for it, she is liable to plaintiff, although she and her husband joined in the obligation and though she borrowed the money intending to give or loan it to him and plaintiff knew this was so." There was ample evidence to sustain the jury's finding that she intended to assume a primary obligation on this note. There is no law which prevents a married woman from paying her husband's debts, or giving him money to use in his business or for other purposes even though she may borrow it: Yeaney v. Shannon, 256 Pa. 135, 138; Scott v. Bedell, 269 Pa. 167, 168. The court below did not abuse its discretion in refusing to award a new trial or to enter judgment n. o. v.

Judgment affirmed.