## York Trust Company *v.* Vandersloot, Appellant.

Argued May 15, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*R. F. Fisher,* of *Fisher, Ports & May,* for appellant.

*George Hay Kain, William Henry Kain* and *George Hay Kain, Jr.,* for appellee, were not heard.

PER CURIAM, May 25, 1939:

The controlling facts in this case are very similar to those in the case of *Wilkes-Barre Deposit and Savings Bank v. Hermann,* 334 Pa. 560. Judgment was entered on appellant's note in 1925, being revived in 1928, and again in 1933. A fi. fa. was issued in 1937, and she then attempted to have the judgment opened, averring that she received no benefit from the note whatever, and was merely an accommodation maker, surety or guarantor for her husband. Judge SHEELY in the court below refused to open the judgment. Under the authority of the case above cited, appellant was clearly barred by laches from raising this defense.

Although nothing further need be said in addition to what was said in the Hermann case, it appears that appellant also failed to carry the burden of proving that the transaction was one of accommodation. The court below found that she applied for a loan individually; that the check was issued in her name and endorsed by her; that she executed the note alone, and that there was no subterfuge or device to avoid the statute, as in *Sears v. Birbeck,* 321 Pa. 375; *Scranton Lackawanna Trust Co. et al. v. Birbeck,* 333 Pa. 502.

A married woman has an undoubted right to borrow money and do with it what she pleases, even to lend it to her husband or to use it in payment of his debts. *Yeany v. Shannon,* 256 Pa. 135, 138; *Scott v. Bedell et ux.,* 269 Pa. 167; *Newtown T. & T. Co. v. Underwood,* 317 Pa. 212; *Frankford Trust Co. v. Wszolek,* 320 Pa. 437.

Had she gone to the bank, gotten the money herself and paid it to her husband she would have been bound by the note. The fact that the husband went to the bank and acted as agent for her to receive the money would not alter the situation. *Yeany v. Shannon,* 256 Pa. 135, 139. In view of her laches, however, this consideration is unimportant.

Judgment affirmed at appellant's cost.