## HART v. STEVENS.
### No. 7223.

Circuit Court of Appeals, Third Circuit.

June 6, 1940.

Rehearing Denied June 29, 1940.

Leon M. Levy, of Scranton, Pa., for appellant.

Wm. J. Fitzgerald, of Scranton, Pa. (Kelly, Fitzgerald & Kelly, of Scranton, Pa., of counsel), for appellee.

Before BIGGS, CLARK, and JONES, Circuit Judges.

JONES, Circuit Judge.

The sole question in this case is whether the appellee, a married woman, was an accommodation endorser, and therefore not liable under applicable local law, for an indebtedness evidenced by the note whereon the appellant brought suit in the court below.

The appellee made her promissory note to the order of herself which she endorsed and delivered to the Union National Bank, of Scranton, Pennsylvania, for value received. The note was not paid at maturity although demand was duly made. Thereafter, it came into the possession of the appellant receiver as an asset of the bank.

After certain payments had been made on account of the note, the receiver instituted suit in the district court for the balance due with interest. The trial court held that the appellee, being a married woman, was not liable under applicable local law for a portion of the note indebtedness on the ground that, to such extent, she was an accommodation endorser for another under circumstances which we shall detail in essential part.

James S. McAnulty, the father of the appellee, died in 1926, obligated to the Union National Bank of Scranton, Pennsylvania, upon various collateral notes. By his will the decedent devised and bequeathed his entire net estate to the appellee, whom he also appointed executrix of his will.

Following McAnulty's death, certain of his notes at the Union National Bank were paid off or reduced by payments on account and new notes of the Estate of J. S. McAnulty, Deceased, by Anna McAnulty

Stevens, Executrix, were given to the bank for the remaining unpaid McAnulty notes. The collateral to the McAnulty notes was retained by the bank as security for the payment of the new notes.

In 1927, after the liability of the estate upon the notes thus given had been further reduced, the appellee gave the bank her personal notes in exchange for the estate notes. The collateral to the estate notes was thereupon transferred to the name of the appellee as owner and was held by the bank as security for the payment of the notes given by the appellee individually. Subsequently, the appellee paid off some of these notes and made substantial payments on account of the others, receiving from the bank at the time of such payments a return of collateral. By October 1930, when the appellee's indebtedness for the unpaid balance of these notes amounted to $17,000 of principal, she gave the bank three new collateral notes signed by herself individually in substitution for her prior notes and as evidence of the current indebtedness.

In addition to these notes, the appellee was obligated to the bank upon other notes which she had negotiated in futherance of personal transactions. Later, and at a time when her note obligations to the bank exclusive of the notes for $17,000 amounted to $47,860, the appellee gave the bank a new note for $64,860 in exchange for all of her notes then held by the bank including the notes for $17,000. On January 8, 1934, the appellee lifted the $64,860 note by giving the bank two notes, one for $30,344, being the note now in suit, and the other for $34,516, which the bank later sold to another bank and which is not here involved.

The foregoing traces the McAnulty estate portion of the appellee's obligations to the bank. It may be noted in passing that, so far as the competent evidence in the record discloses, the bank did not participate as a creditor in the distribution of the assets of the McAnulty estate. This was expressly confirmed by the admission of counsel for the appellee at the argument of this appeal.

The trial court ruled that the appellee was an accommodation endorser for her father to the extent of 17,000/64,860 of the face of the note in suit or to the amount of $8,018.92. It had been stipulated of record that the total balance due upon the note in suit on March 28, 1939, the date of trial, was $15,964.14. Thereupon, the trial judge affirmed the defendant's request for instructions and directed the jury to return a verdict for the plaintiff in the sum of $7,927.22, being the amount of the appellee's admitted liability, with interest thereon from March 28, 1939. The plaintiff's point for binding instructions for his claim in full with interest was reserved at trial and was later denied by the court. The plaintiff took the present appeal from the judgment on the directed verdict.

We are of the opinion that the action of the trial court was error and that a verdict for the plaintiff for the full amount of his claim with interest should have been directed under the admitted or undisputed facts appearing of record.

 Without objection from the defendant appellee, the appellant proved his capacity as receiver of the bank, the appellee's execution of the note, the bank's ownership thereof and the balance due thereon. Thus, the plaintiff made out a prima facie case. Newtown Title & Trust Co. v. Underwood, 317 Pa. 212, 177 A. 27. If, therefore, the appellee was to be relieved of liability for a part of the indebtedness on the ground that her note to such extent was inhibited by the Pennsylvania statute, [1] the burden was upon her to prove affirmatively that the note represented her accommodation endorsement for another. York Trust Co. v. Vandersloot, 334 Pa. 591, 592, 6 A.2d 498; McKean v. Enburg, 325 Pa. 456, 188 A. 835; Frankford Trust Co. v. Wszolek, 320 Pa. 437, 183 A. 52; Southwestern National Bank v. Leibowitz, 320 Pa. 410, 182 A. 695; Yeany v. Shannon, 256 Pa. 135, 139, 100 A. 527; Farmers' & Merchants' Bank v. Donnelly, 247 Pa. 518, 521, 93 A. 761; Bank v. Poore, 231 Pa. 362, 365, 80 A. 525; and Homer B. & L.

[1] Section 2 of the Pennsylvania Act of June 8, 1893, P.L. 344, 48 P.S. § 32, provides that,—"Hereafter a married woman may, in the same manner and to the same extent as an unmarried person, make any contract in writing, or otherwise, which is necessary, appropriate, convenient or advantageous to the exercise or enjoyment of the rights and powers granted by the foregoing section, but she may not become accommodation indorser, maker, guarantor or surety for another, and she may not execute or acknowledge a deed, or other written instrument, conveying or mortgaging her real property, unless her husband join in such mortgage or conveyance."

Ass'n v. Noble, 120 Pa.Super. 153, 155, 181 A. 848. The Pennsylvania rule is succinctly stated in Bank v. Poore, supra, where the State Supreme Court said at page 365 of 231 Pa., at page 526 of 80 A.,—"A note or other obligation given by a married woman is now presumed to be valid, and, if she alleges that it is invalid, the burden is upon her to show that it comes within the exceptions to her right to contract made in the statute".

The appellee in the instant case failed to sustain her burden. Instead of proving that the note in suit was given as an accommodation for another, the facts which she introduced at trial showed conclusively that she had given the note in relief of validly encumbered property whereof she was then the owner. In no permissible view was she an accommodation endorser for another. The only one the appellee accommodated by individually assuming the liability to the bank was herself as the beneficiary of her father's estate. Whatever benefit was to be derived from the note in protecting the collateral held by the bank or by relieving from liability the father's estate in general inured directly and solely to the appellee. In Kirby v. Kirby, 248 Pa. 117, 119, 93 A. 874, where a widow and her son were the beneficiaries of the deceased husband's estate, their oral promise to pay a note creditor of the decedent was held not to be within the Statute of Frauds because "they [the widow and son] had an interest of their own in the transaction [preventing suit against the estate], and their promise to him [the note creditor] was to subserve a purpose of their own". Likewise, the appellee's purpose in the instant case would have supported an oral promise to pay the estate's indebtedness without the use of a note. Her written assumption of the estate's indebtedness for considerations moving to her alone amounted to a novation and "when a new debtor is substituted by way of novation for the original debtor, there is a sufficient consideration for the new debtor's note as for his own debt". Young's Estate, 234 Pa. 287, 289, 83 A. 201.

The fact that the appellee was a married woman at the time that the note was given did not of itself furnish her with a defense under the Pennsylvania statute. The married status of a woman who makes or endorses a note is merely the condition for which the note will be held invalid if it was in fact an accommodation for another.

But, if given as a primary obligation for her own use, a married woman's note is as binding upon her as if she were a femme sole even though the proceeds are used to pay the debt of another. York Trust Co. v. Vandersloot, supra; Frankford Trust Co. v. Wszolek, supra; Newtown Title & Trust Co. v. Underwood, supra; Scott v. Bedell, 269 Pa. 167, 168, 112 A. 43; Yeany v. Shannon, supra; and Class & Nachod Brewing Co. v. Rago, 240 Pa. 470, 473, 87 A. 704. Here, the appellee funded with her note what was veritably her own debt. There was no other party to her obligation, either apparent or concealed, who was in any way primarily liable for the indebtedness. The note represented the appellee's individual undertaking for her own use and benefit; and she stands bound thereby.

This appeal does not present a case of subterfuge or device designed to give a married woman's accommodation endorsement the semblance of a primary obligation in attempted evasion of the statute as in the cases cited and relied upon by the appellee. Murray v. McDonald, 236 Pa. 26, 84 A. 579; Pine Brook Bank v. Kearney, 303 Pa. 223, 154 A. 365; Munn v. Lorch, 305 Pa. 55, 156 A. 97; and Sears v. Birbeck, 321 Pa. 375, 184 A. 6. These cases are, therefore, not in point. The facts in this case clearly and unmistakably reflect the true circumstances attending the appellee's giving of the note in suit.

Had the bank been misled as to the factual situation, the case would have invited the bar of estoppel to the appellee's asserted defense. She had induced the bank to forego its remedy as a creditor of her father's estate and, by making payments from time to time on account of her assumption of the estate's liability, she obtained and accepted collateral to which she was entitled only as the obligor in the notes for the payment whereof the collateral had been pledged. In Wilkes-Barre Deposit & Savings Bank v. Hermann, 334 Pa. 560, at page 563, 6 A.2d 496, at page 497, it was said, that since the Pennsylvania Act of 1893, supra, "circumstances may arise wherein she [a married woman] may be estopped to deny the validity of her act". Moreover, her defense might justly have been barred on account of her laches in failing to deny liability at the recurrent times over a period of years when she recognized and confirmed her assumption of the estate's indebtedness by giving new notes therefor. Wilkes-Barre Deposit & Savings Bank v.

Hermann, supra, and York Trust Co. v. Vandersloot, supra. But, we choose, rather, to rest our decision upon the prima facie case of the appellee's liability as made out by the plaintiff and the utter want of merit in the appellee's contention that she was in fact an accommodation endorser for another.

In order that the lien attaching to the judgment already entered below for a portion of the plaintiff's claim may be preserved upon the enlargement of the judgment so as to embrace the plaintiff's claim in full with interest, the record will be remanded to the district court, with directions to enter a judgment for the plaintiff in conformity with this opinion with due regard for the plaintiff's right to the benefit of the lien now and heretofore existing, and with costs to the plaintiff.

It is so ordered.

