## Jones v. Jones

392

*Jay W. Myers*, for plaintiff.

*Thomas J. Evans*, for defendant.

KREISHER, P. J., November 10, 1961.—The above-captioned parties were married January 5, 1957, at which time the plaintiff moved into the apartment of defendant where she lived with her mother and a son by a previous marriage.

The plaintiff took some items of personal property with him. However, defendant's apartment was fully furnished and the sole property of defendant. Subsequent thereto, much of the household furniture was traded or discarded and replaced with new furniture which was purchased on credit, both parties signing promissory obligations for the payment thereof.

During the Spring of 1961, unhappy marital differences culminated in plaintiff instituting an action in divorce on March 6th. However, plaintiff continued to reside in the home for some weeks thereafter, during which time counsel for the respective parties endeavored to effect a property settlement without avail. During the month of April, plaintiff withdrew from

the common home at the request and insistence of defendant.

Counsel for defendant filed a praecipe for a bill of particulars in said divorce action, which was filed April 13, 1961, and thereafter, the court appointed a master in divorce.

On May 17th, the master filed his report, recommending that a decree in divorce be granted and notified defendant that unless exceptions be filed to the report of the master within ten days after receipt of said notice, an absolute decree in divorce would be entered by the court. No exceptions having been filed, the court entered a final decree in divorce May 29th.

On June 19th, counsel for defendant filed a petition for property settlement, at which time the court granted a rule upon plaintiff to show cause why the prayer of the petition should not be granted.

On July 3rd, counsel for plaintiff filed an answer to the petition, and the matter was set down for hearing July 17th in open court. The testimony of the parties was later transcribed and filed, and the matter was then placed upon the argument list, and counsel have now submitted their written briefs to the court, so the matter was before us for disposition.

Counsel for plaintiff, at the time of oral argument and in his written brief, questions the court's jurisdiction to determine the issues in a proceeding of this nature.

The petition was filed to the same court, term and number as the divorce proceedings. However, counsel chose to reverse the caption by making defendant in divorce the plaintiff, calling her petitioner in the petition, and plaintiff in divorce the defendant, calling him respondent.

Our first observation is that the caption of the case should have remained the same as it was in the divorce action, and that it would have been a simple

matter in the first paragraph of the petition to set forth that petitioner was defendant in the divorce action. Therefore, we amend the caption of the proceedings to agree with this recommendation.

Counsel for plaintiff in divorce contends the court does not have jurisdiction, because the rights of the parties with respect to a property settlement is governed by the Act of May 10, 1927, P. L. 884, as amended by the Act of May 17, 1949, P. L. 1394, 68 PS §501, which provides for an equitable proceeding following divorce for the disposition and division of property held during coverture as tenants by the entireties.

This act has generally been held to apply only to real property; however, some cases have extended the act to include the right of divorced parties to an accounting and disposition and division of personal property: Rapkin v. Israel, 88 D. & C. 20.

It is our opinion that counsel for plaintiff completely overlooks the 1959 amendment to section 55 of the Divorce Law of May 2, 1929, P. L. 1237, 23 PS §55, which provides, inter alia, that:

"In all matrimonial causes . . . Where the court has jurisdiction over both parties, . . . it shall include in its decree, or in separate decrees pertaining to each matter separately, an order or orders determining and disposing of property rights and interests between the parties, custody and visitation rights, child support and any related matters." (Act of December 30, 1959, P. L. 2055.)

In the proposed Marriage and Divorce Code for Pennsylvania, just recently received from the Joint State Government Commission, we observe that section 601 of Article VI of the proposed Divorce Code relating to the decree of court sets forth section 55 of the Divorce Law of 1929, as amended by the said act of 1959, and the comment of the committee states that:

"The purpose is to determine finally in one action, so far as possible, all matters relating to dissolution of a marriage."

Therefore, it would appear that the policy of the legislature in making the 1959 amendment was clearly to give the court jurisdiction to determine the many collateral issues which arise from the dissolution of a marriage in one proceeding without resorting to the many different statutes and cumbersome and expensive proceedings to determine these matters. Therefore, even though we find no annotations where this matter has been passed upon, and even though we have not to date adopted the rules of court suggested in a recent issue of the Pennsylvania Bar Association Quarterly, it is our opinion the act is broad enough and definitely intended to give the court jurisdiction in a divorce proceeding to also dispose of property settlements.

The petition of defendant wife sets forth the abovementioned credit transactions and states that there is a balance due the Standard Finance Company of $348 on a $600 loan and a balance due Sears, Roebuck and Company on a bailment lease of $438.

Since petitioner admitted in her testimony that she and her husband jointly signed these two credit obligations, we believe the general rule applies which states that when two or more persons execute a promissory note, they are jointly and severally liable: Roller v. Jaffee, 387 Pa. 501.

The same provisions are found in the recent Uniform Commercial Code of April 6, 1953, P. L. 3, 12A. PS §3-118 (e) which provides:

"Unless the instrument otherwise specifies two or more persons who sign as maker, acceptor or drawer or indorser and as a part of the same transaction are jointly and severally liable even though the instrument contains such words as 'I promise to pay' ".

Therefore, in this proceeding, the court is powerless to adjudge petitioner any relief with respect to the judgment creditors where she is a co-maker of the obligation, even though the said creditors threaten execution or repossession of her household goods which were purchased on the credit of both parties.

Now, taking up the claims between the respective parties, we find there are certain well-known principles which apply, some of which are set forth in the case of Eastern Light Company v. Smith, 28 Lehigh 115, wherein it is stated, p. 116:

"We do not believe that it is necessary to cite authority for the propositions that (1) a married woman may use her earnings to purchase personal property, which becomes her own property; (2) there is no presumption of a gift from the wife to the husband when the wife places her personal property in the home for the joint use of herself and her husband; (3) if there is a presumption that household furniture belongs to the husband, it is a presumption of fact, rebuttable by competent testimony; (4) there exists a tenancy by entireties in personal property as well as in real property; (5) where tenancy by entireties exists in personal as in real property, such property is not subject to attachment for the individual debt of either spouse; (6) wedding gifts are, in the absence of evidence to the contrary, the property of the wife or at best the joint property of husband and wife; (7) the husband is a competent witness in an action by his wife against a living litigant for the recovery of her personal property; and (8) unless subpoenaed to do so, a litigant need not appear in his or her own behalf, if the case can be proved by the testimony of others."

In the case of Beck v. Beck, 14 D. & C. 2d 115, it is held that under the Act of June 8, 1893, P. L. 344, as amended by the Act of March 27, 1913, P. L. 14, 48 PS §111, a wife may properly maintain an assump-

sit action against her husband to recover moneys spent by her from her own funds for improvements to his mother's home in which they were living, where it is alleged that she was driven from the home by the husband's cruel and barbarous conduct.

In the case of Kellems v. Low, 58 Montg. 389, it is stated on page 391 of the opinion that:

"In this day of nearly 'emancipated' married women we must decide that a married woman may borrow money and use it as she wishes, even to the extent of lending it to her husband or paying his debts, and still be liable for the repayment of such a loan: York Trust Co. v. Vandersloot, 334 Pa. 591 (1939).

"The acts of assembly liberalizing the rights of married women have created a new point of view towards women's contracts for 'necessaries.' While the primary obligation to pay for such items is that of the husband, nevertheless the wife is also responsible when she contracts in her own name, and credit is given to her only. In such a case, any presumption that a wife acts merely as agent of her husband is rebutted: . . ."

In the case of Davis v. Davis, 108 Pitts. L. J. 149, beginning on page 153 of the opinion, it is stated:

". . . it has been held that a man may exercise absolute power over his personal property, without his wife's consent, since her rights attached thereto only at his death, and she cannot impeach, as a fraud upon her, a voluntary gift made by her husband during his lifetime."

Now, taking up the testimony of petitioner, we find at the time of her second marriage she had in her apartment a refrigerator, davenport, twin beds, and a table television set. Then, during the marriage, these items were replaced on the credit of both parties at Sears, Roebuck and Company, in addition to the purchase of a new washer and dryer.

At the time of hearing, petitioner still had these articles of furniture in her apartment, but it is her contention that her exhusband should pay the balance due and owing on these articles, because it was his obligation during the marriage to furnish his wife with these necessaries.

Petitioner admits that plaintiff brought a television set and a radio with him when he moved into her apartment, and that she gave him a green lamp and bed table as a gift, and that he took these articles with him when he left the common home.

Therefore, since these articles were his separate property, she makes no claim for them. She does claim, however, that he took a deep fry pan which he gave her as a gift, an electric frying pan and an electric iron. She also claims a china dog, a china cat, an ash tray and wrap-around coasters, which she received as gifts from a girl friend who visited her, which her husband took with him when he moved from her apartment.

From the testimony, we conclude that these articles are the property of petitioner, and that plaintiff should either return them to petitioner or pay her the fair market value of the same.

Petitioner admits that the table television which she had was sold, and that she received the money therefor. She also testified to an unpaid bill at Walkers' Jewelers, which she thinks her husband should reimburse her for in the amount of $45, because this is the balance due on a suitcase in the amount of $28 which her husband gave her as a gift and on a radio which she bought for her son. She also mentions a balance due of $41 on an encyclopedia bought for the son, which cost $167 and her husband paid only $17 of the original cost. She also makes claim in the amount of $78 for a chair which her husband bought for his

mother, who lives in Maine, and which was a part of the balance due and owing Sears, Roebuck and Company.

Her claim to be reimbursed for the balance due the Standard Finance Company is based upon the fact that the money was borrowed to pay three months back rent, phone bill and gas which totaled $165 and that the balance of the money was used for a trip to Maine to visit her mother-in-law. She testified to the fact that she worked much of the time during her married life and contributed her earnings to the upkeep of the home, the payment of the instruments due and the purchase of food which her husband helped consume, and, since these were her husband's primary obligations, he should now reimburse her for them.

In the case of Turner v. Turner, 169 Pa. Superior Ct. 120, it is held that a wife might recover from her husband payments to third persons for repair and improvements to premises owned by him, made out of her own separate funds which she had accumulated prior to marriage.

Likewise, in the case of Ertel v. McCloskey, 167 Pa. Superior Ct. 120, it was held that a wife who pays the debt of her husband to protect her own property can sue him, before or after divorce, for restitution.

In conclusion, it is the court's opinion, since the wife used a portion of the money she received for the support of her son and the running of the house during the time her husband lived with her, and since she contributed a major portion of her wages to the maintenance of the household for the benefit of her husband, and in view of the testimony that he is execution proof and has refused to make any further contributions on account of their joint and several liabilities, and since the wife has, or is about to lose the household furnish-

ings which they jointly purchased, that the husband is indebted to his wife to a certain extent.

In determining the question of ownership of household effects acquired during the continuance of a marriage after a divorce, the rules are set forth at length in the case of Cinardo v. Cinardo, 2 D. & C. 2d 219.

Therefore, balancing the equities as best we can with the meager testimony before the court, we enter the following

### Order of Court

And now, to wit, November 10, 1961, it is ordered, adjudged and decreed that the husband is entitled to retain his separate property which he removed from the home, and, therefore, has absolute title to the television set, the stand radio, the green lamp and bed table. The said husband is directed to return to petitioner, or pay her the fair market value thereof, the deep fry pan, the electric frying pan, the electric iron, the china dog, the china cat, the ash tray and the wrap-around coasters. It is hereby further ordered and decreed that the husband is indebted to petitioner in the amount of $78 for the chair delivered to his mother in Maine, and in the amount of $28 on the bill owing Walkers' Jewelers for the suitcase given as a gift to petitioner, and the amount of $165 which was used from the money borrowed from the Standard Finance Company for the payment of three months' back rent, phone and gas bills, and, therefore, we enter judgment in favor of petitioner and against plaintiff husband in the total sum of $271. It is hereby further ordered and decreed that plaintiff husband pay the costs of this proceedings.

And now, to wit, November 10, 1961, upon motion of Jay W. Myers, Esq., attorney for plaintiff husband, exception noted and bill sealed.